UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

RED APPLE MEDIA, INC,     :  Case No.: 22-cv-07547-JSR

            :

      Plaintiff,    :  **PLAINTIFF'S**

            :  **MEMORANDUM OF LAW**

   -against-     :  **IN SUPPORT OF**

            :  **MOTION TO REMAND**

JOHN BATCHELOR, UNION RIVER :

PRESS, INC., AUDIOBOOM LIMITED, THE :

WEISS AGENCY INC., and HEATHER :

COHEN,        :

            :

     Defendants.   :

            :

----------------------------------------------------------- X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Ira N. Glauber (8383)
Yonit A. Caplow (6866)
**DILWORTH PAXSON LLP**
99 Park Avenue, Suite 320
New York, New York 10016
(917) 675-4252
iglauber@dilworthlaw.com
ycaplow@dilworthlaw.com

Dated September 23, 2022

122912365-5

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................... 1

FACTUAL BACKGROUND ..................................................... 1

    The 2012 Batchelor Agreement .......................................... 2

    The Audioboom Agreements ............................................. 3

    The Weiss Agency and Heather Cohen .................................... 5

    The Events of 2020 and 2021 ............................................ 5

PROCEDURAL POSTURE ..................................................... 6

STANDARD OF REVIEW ..................................................... 6

ARGUMENT ................................................................ 7

    I.    Plaintiff's Contract Claims – Causes of Action One, Two, Three, and Fourth Must be Remanded ............................................................ 7

    II.    Plaintiff's remaining claims must be remanded ......................... 10

        a.    Plaintiff's Eighth Cause of Action for Breach of Fiduciary Duty Must be Remanded ......................................................... 12

        b.    Plaintiff's Ninth Cause of Action for Accounting Must be Remanded ........... 13

        c.    Plaintiff's Tenth Cause of Action for Aiding and Abetting Batchelor in his Wrongful Activities Must be Remanded ......................... 13

        d.    Plaintiff's Eleventh Cause of Action for Fraud Must Be Remanded ................. 14

        e.    Plaintiff's Twelfth Cause for Declaratory Judgment Must be Remanded ........ 15

        f.    Plaintiff's Fifth Cause of Action for Conversion Must be Remanded .............. 16

        g.    Plaintiff's Seventh Cause of Action for Unjust Enrichment Should Be Remanded ......................................................... 18

    III.    Defendants' Rationale For Removal is Unfounded ................................ 19

    IV.    Plaintiff is entitled to costs and fees for this Motion .............................. 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acorne Productions, LLC v. Tjeknavorian*,
    33 F. Supp. 3d 175 (E.D.N.Y. 2014) ............................................................. *passim*

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
    175 F. Supp. 3d 44 (S.D.N.Y. 2016)..................................................................19

*Barclays Cap. Inc. v. Theflyonthewall.com, Inc.*,
    650 F.3d 876 (2d Cir. 2011)..........................................................................11, 12

*Barnhart v. Federated Dep't Stores, Inc.*,
    No. 04 CIV. 3668 (JGK), 2005 WL 549712 (S.D.N.Y. Mar. 8, 2005) .....................19, 20, 21

*Bassett v. Mashantucket Pequot Tribe*,
    204 F.3d 343 (2d Cir. 2000)................................................................................0

*Bear Creek Prods., Inc. v. Saleh*,
    643 F.Supp. 489 (S.D.N.Y. 1986) ......................................................................14

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)........................................................................ *passim*

*Caterpillar Inc. v. Williams*,
    482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)...........................................7

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir.1992).............................................................................11, 12

*Estate Examinations Co. v. ECG Enterprises, Inc.*,
    No. 06-CV-3024 (JFB), 2006 WL 3248003 (E.D.N.Y. Nov. 7, 2006) ..........................7, 8, 9

*Forest Park Pictures v. Universal Television Network, Inc.*,
    683 F.3d 424 (2d Cir. 2012)........................................................................12, 19, 21

*Gunn v. Minton*,
    568 U.S. 251 (2013)....................................................................................13, 14

*Jasper v. Bovina Music, Inc.*,
    314 F.3d 42 (2d Cir. 2002)............................................................................7, 8, 21

*Keith v. Scruggs*,
    507 F.Supp. 968 (S.D.N.Y. 1981) ......................................................................10

*Kennedy v. LaCasse*,
    No. 17-CV-2970 (KMK), 2017 WL 3098107 (S.D.N.Y. July 20, 2017) .........................18, 19

*Merchant v. Levy*,
    92 F.3d 51 (2d Cir. 1996)...............................................................................10, 11

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
    No. 1:00-1898, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006) .................................7

*Miller v. Holtzbrinck Publishers, L.L.C.*,
   377 F. App'x 72 (2d Cir. 2010) ....................................................................................19, 21

*Reach Glob., Inc. v. Ridenhour*,
   No. 20 CIV. 391 (AKH), 2020 WL 2319176 (S.D.N.Y. May 10, 2020) ...................... *passim*

*Sharp v. Patterson*,
   No. 03 Civ. 8772 (GEL), 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004)...................................8

*Sleppin v. Thinkscan.com, LLC*,
   55 F. Supp. 3d 366 (E.D.N.Y. 2014) ............................................................................. *passim*

*T.B. Harms Co. v. Eliscu*,
   339 F.2d 823 (2d Cir. 1964)...............................................................................10, 11, 16

*Vaden v. Discover Bank*,
   556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009)......................................................6, 7

*Wolfson v. Ernst*,
   112 F. Supp. 3d 167 (S.D.N.Y. 2015).................................................................................13

**Statutes**

11 U.S.C. § 1367(c)(2)................................................................................................................19

11 U.S.C. § 1447(c) ...................................................................................................................22

Copyright Act........................................................................................................................... *passim*

Plaintiff Red Apple Media, Inc. ("Plaintiff" or "Red Apple Media"), by its undersigned attorneys, Dilworth Paxson, LLP, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Remand the instant matter to the Supreme Court of the State of New York.

## PRELIMINARY STATEMENT

The gist of Plaintiff's case is for state-law claims based on Defendants' breach of the applicable agreements governing Plaintiff's ownership of the John Batchelor Radio Show, including breach of contract and related claims (third-party beneficiary of contract and tortious interference with contact), as well as state-law claims of breach of fiduciary duty, fraud, aiding and abetting and accounting.  The case does not involve interpretation of the Copyright Act. Therefore, prevailing case law dictates that the entire case be remanded back to State Court.

## FACTUAL BACKGROUND

This is an action for breach of contract and related claims against radio broadcaster John Batchelor ("Batchelor") and other defendants.  Compl. ¶ 1.[1]

Plaintiff Red Apple Media is a media company which purchased radio station WABC-AM ("WABC Radio") from affiliates of Cumulus Media, Inc. ("Cumulus") on or about March 1, 2020. *Id.* ¶ 9.

As part of the purchase, Plaintiff acquired all contractual rights and other assets that Cumulus owned as the successor-in-interest to Radio Networks, LLC ("Radio Networks") (the prior owner of WABC Radio).  *Id.* ¶ 9.  This included the John Batchelor Radio Show (the

---

[1] Plaintiff Red Apple Media filed a summons and complaint (the "Complaint" or "Compl.") against Defendants in New York State Supreme Court, New York County, Index No. 652670/2022 on July 29, 2022.  All terms not defined herein are ascribed the meaning given to them in the Complaint.

"Show"), which was a syndicated radio show that ran for about a decade until March 5, 2021, when the Show was cancelled by Plaintiff.  *Id.* ¶ 1.

Although all of the Show's content is owned by Plaintiff and its predecessors-in-interest pursuant to a 2012 Agreement between the owner of the show and Batchelor, Defendants wrongfully breached that agreement as well as two subsequent agreements (described below), thereby enriching themselves without adequately compensating Plaintiff.  *Id.* ¶ 1.

**The 2012 Batchelor Agreement**

On December 7, 2012, Radio Networks (plaintiff's predecessor-in-interest) entered into a written contract with Batchelor's company, Defendant Union River Press, Inc. ("Union River"), for the services of Batchelor as a radio talk show host (the "2012 Batchelor Agreement").  *Id.* ¶ 10.[2]  Attached to the 2012 Batchelor Agreement is a signed acknowledgment and representation by Batchelor that he is personally bound by all of its provisions as if he personally and individually is a party to it.  *Id.* ¶ 10.

The 2012 Batchelor Agreement provides that Batchelor would render artistic and professional services to WABC Radio as the host of a daily syndicated radio show which became known as the John Batchelor Show.  *Id.* ¶ 11.

The 2012 Batchelor Agreement provides in paragraph 7 that all materials and content produced and generated for or by the John Batchelor Show is owned by and is the property of Plaintiff, as follows:

> "All programs, program recordings and 'outtakes' as well as the program titles, formats, scripts, characters, and all other subject matter related thereto and any other property or material conceived, created, prepared, or furnished by you or

---

[2] Pursuant to Plaintiff's purchase of WABC Radio, Plaintiff became the successor-in-interest to all of Radio Networks' rights under the 2012 Batchelor Agreement effective March 1, 2020. Complaint ¶ 15.

Talent [John Batchelor] or others hereunder, whether or not included in any program, shall remain both while this Agreement is in effect and at all times thereafter our sole and exclusive property.  You and Talent shall not at any time claim any title or interest whatsoever in the programs or any of these materials and program elements.  You and Talent hereby waive the right to exercise any rights of droit morale.  You agree that such materials and program elements created and furnished by you and Talent or any of your staff, including Talent's performance in the programs, shall be considered 'works made for hire' as that phrase is used in Sections 101 and 102 of the Copyright Revision Act of 1976."

*Id.* ¶ 12.

Plaintiff Red Apple Media or its predecessors-in-interest commissioned and paid all production costs of the Show, and pursuant to the 2012 Agreement, plaintiff is the owner of all materials and content produced and generated for or by the John Batchelor Show. *Id.* ¶ 13.

**The Audioboom Agreements**

Defendant Audioboom Limited ("Audioboom") is a company that distributes podcasts to third-party websites and media platforms in exchange for advertising revenue.  *Id.* ¶ 17.

At about the time that Cumulus was negotiating the sale of WABC Radio to Plaintiff, Batchelor -- aided by his talent agency the Weiss Agency Inc. (the "Weiss Agency") and its representative Heather Cohen -- entered into discussions with Audioboom about a side deal unapproved by Cumulus or Plaintiff to distribute podcasts of the John Batchelor Show based on the false assertion that Batchelor owned the Show and its content, when he did not own it.  *Id.* ¶ 20.

More specifically, on December 2, 2019, Batchelor, purporting to act on behalf of the "John Batchelor Show," entered into an agreement with Audioboom entitled Content Partner Advertising Inventory Agreement (the "2019 Audioboom Agreement"), whereby he sold certain rights to Audioboom.  Complaint ¶ 21.  However, Batchelor did not own those rights and had no right to enter into the 2019 Audioboom Agreement under Section 3(c) of the 2012 Agreement, which prohibited Batchelor from entering into any agreement for his services with any third-

party.  *See* 2012 Agreement § 3(c), attached as Exhibit A to the Declaration of Ira N. Glauber, dated September 22, 2022, filed contemporaneously herewith (the "Glauber Dec.").

Batchelor did not have the approval of either Cumulus or Plaintiff to enter into the 2019 Audioboom Agreement.  Complaint ¶ 22.  The revenue in question should have been paid to Plaintiff starting in March 2020 but instead was paid to Batchelor through the Weiss Agency (except for token amounts paid to Plaintiff in August 2020 and January-March 2021).  *Id.* ¶ 22.

Batchelor did not provide a copy of the 2019 Audioboom Agreement to Plaintiff until a year after it was signed, nor was it listed on any schedule of contracts or in any other document provided to Plaintiff in connection with its due diligence examination of WABC Radio or the acquisition itself.  *Id.* ¶ 23.

Pursuant to the 2012 Batchelor Agreement, the John Batchelor Show and all of its content was owned by Plaintiff, as the owner of WABC Radio, and not by Batchelor.  *Id.* ¶ 25.  The parties to the 2019 Audioboom Agreement were Audioboom and "the John Batchelor Show," which is not a legal entity and which Batchelor did not own.  The Complaint alleges that Batchelor had no right under the 2012 Agreement to enter into the 2019 Audioboom Agreement in the name of the "John Batchelor Show," and engaged in fraud and misrepresentation by falsely claiming to be the owner of the John Batchelor Show and its content.  *Id.* ¶ 25.

On December 2, 2020, about nine months after Plaintiff closed on its purchase of WABC Radio, Batchelor entered into a new agreement with Audioboom entitled "Content Partner Advertising Inventory Agreement" (the "2020 Audioboom Agreement"), whose terms and conditions were very similar to the 2019 Audioboom Agreement.  In violation of the 2012 Agreement and his other obligations, Batchelor had no right to enter into this agreement with Audioboom and again intentionally failed to disclose the full terms and conditions of the 2020

Audioboom Agreement to Plaintiff.  He also never provided it with a copy until March 2021, when the truth about Batchelor's unauthorized side deal became known.  *Id.* ¶¶ 29-30.

**The Weiss Agency and Heather Cohen**

Defendant Weiss Agency is a broadcast and talent agency for on-air talent, program producers, and managers in the broadcast industry.  *Id.* ¶ 36.  The Weiss Agency's Executive Vice-President, defendant Heather Cohen, was the agent for both Audioboom and Batchelor who was instrumental in putting together both the 2019 and 2020 Audioboom Agreements.  *Id.* ¶ 36.

The Complaint alleges that defendants Cohen and the Weiss Agency arranged the 2019 and 2020 Audioboom Agreements, and were fully aware of their provisions, including Batchelor's false statement that he owned the John Batchelor Show and its content, which was not true.  *Id.* ¶ 37.  The Complaint further alleges that as the agent for the transactions, Defendants Cohen and the Weiss Agency had a duty to disclose to Plaintiff the full truth concerning the 2019 and 2020 Audioboom agreements.  *Id.* ¶ 38. They breached that duty, and aided and abetted Batchelor to commit fraud by organizing and orchestrating the entire transaction with Audioboom in 2019-2020, knowing that the Show's content was owned by Plaintiff and that John Batchelor had no right to sell it.  *Id.* ¶ 38.

**The Events of 2020 and 2021**

Plaintiff ceased production of the John Batchelor Show as of March 5, 2021, and took it off the air as of that date.  *Id.* ¶ 39.

Upon learning of Plaintiff's decision to cancel the show, Batchelor proceeded to illegally copy for his own personal use documents and other materials that belongs to Plaintiff.  *Id.* ¶ 40. Batchelor did not own that property and had no lawful right to copy it.  *Id.* ¶ 40.  Indeed, copying this property was flatly prohibited by the 2012 Agreement, which provided in Section 18(c) that Batchelor "shall not use for yourself or others any secret or confidential information, knowledge

or data . . ." 2012 Agreement,  § 18(c), a copy of which is annexed to the Glauber Declaration as Exhibit A.

## PROCEDURAL POSTURE

On July 29, 2022, Red Apple Media filed a summons and complaint (the "Complaint") against Defendants alleging twelve causes of action for, *inter alia*, breach of contract, fraud, breach of fiduciary duty, and accounting in New York State Supreme Court, New York County, Index No. 652670/2022 (the "State Court Case").  On August 24, 2022, the parties entered into a stipulation extending Defendant's time to respond to the Complaint until October 6, 2022.

On September 2, 2022, Defendant Audioboom filed a Notice of Removal in this Court, seeking to remove the State Court Case to Federal Court, which the remaining Defendants consented to and joined.  Also on September 2, 2022, the Defendants filed a Notice of Filing of Notice of Removal in the State Court Case, notifying the State Court that the Notice of Removal had been filed in the Federal Court.

## STANDARD OF REVIEW

It is "'axiomatic that '[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'" *Reach Glob., Inc. v. Ridenhour*, No. 20 CIV. 391 (AKH), 2020 WL 2319176, at *1 (S.D.N.Y. May 10, 2020).

While federal courts do have original jurisdiction over any civil action arising under any Act of Congress relating to patents, copyrights, and trademarks, it is "well-established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of Section 1338(a)." *Id.,* at *2.

Under the longstanding "well-pleaded" complaint rule, a suit "arises under" federal law only when the plaintiff's statement of his or her own cause of action shows that it is based upon federal law.  *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173 L.

Ed. 2d 206 (2009).  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

The burden of establishing federal jurisdiction based on a plaintiff's complaint lies with the removing defendant, who must establish jurisdiction based on a preponderance of the evidence.  *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, No. 1:00-1898, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006).  "Unless that burden is met, the case must be remanded back to state court.  At [the motion to remand] stage ... the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Acorne Productions, LLC v. Tjeknavorian*, 33 F. Supp. 3d 175, 180 (E.D.N.Y. 2014).  The removal statutes are strictly construed such that any doubts are resolved in favor of remand.  *Estate Examinations Co. v. ECG Enterprises, Inc.*, No. 06-CV-3024 (JFB), 2006 WL 3248003, at *2 (E.D.N.Y. Nov. 7, 2006).

## ARGUMENT

### I.     Plaintiff's Contract Claims – Causes of Action One, Two, Three, and Fourth Must be Remanded

The crux of this case is plainly breach of contract, seeking damages from Defendants for undeniable breaches of the 2012 Batchelor Agreement and the 2019 and 2021 Audioboom Agreements, for breach of plaintiff's third-party beneficiary rights in the Audioboom Agreements, and for tortious interference with the 2012 Batchelor Agreement.

As the Second Circuit explained in *Jasper*,

**if the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue**, and, unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking, in the absence of diversity jurisdiction.  *T.B. Harms,* 339 F.2d at 826 ("[T]he federal grant of ... a copyright has not been thought to infuse with any national interest a dispute as to ownership

7

or contractual enforcement turning on the facts or on ordinary principles of contract law").

*Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) (emphasis added); *see also Acorne Productions*, 33 F. Supp. at 180, 183 (this "dispute involves what the parties agreed to, not the compatibility with, or interpretation of, that agreement within the context of the Act" and therefore was not properly removed to federal court); *Estate Examinations Co.*, 2006 WL 3248003, at *5 (citations omitted) ("State law breach of contract claims are 'generally *not* preempted by the Copyright Act,' so long as the claim is 'based on allegations of a contractual right not existing under copyright law'"); *Sharp v. Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, at *7 (S.D.N.Y. Nov. 3, 2004) (breach of contract claim constitutes a privately created right distinct from Sharp's rights under copyright law and was not preempted).

In *Jasper*, the Court cautioned that

> almost every case involving contract interpretation, appropriate for state court determination, could be recharacterized as a case appropriate for a federal court simply by framing the issue to be whether the disputed contract qualified as a writing within the meaning of section 204(a). [However, …] **[i]n most cases, there will be no doubt that the contract is a section 204(a) writing, and the only substantial issue will be contract interpretation.**

*Jasper*, 314 F.3d at 47 (emphasis added).

*Estate Examination* is similarly instructive.  In *Estate Examination,* plaintiff argued that it was "entitled to the source code *under the contract,* not as a co-author or co-owner under the 'work for hire' doctrine,"  even though the complaint had stated that the source code was created as a "work made for hire."  *Estate Examinations Co.*, 2006 WL 3248003, at *3.  The Court found that the case was a breach of contract case that does not require interpretation of the "work for hire" doctrine, explaining that:

> the dispute in this case centers around the Consulting Agreement and what plaintiff is entitled to under that agreement.  **Where disputes arise under an agreement between parties, resolution depends on state contract law, not the**

**Copyright Act.** *See Merchant,* 92 F.3d at 55 ("Unlike a case where a dispute as to copyright ownership arises under an agreement between the parties, resolution of which depends on state contract law, copyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself.") (internal citation omitted). **The determination of whether plaintiff is entitled to the source code centers on an interpretation of the Consulting Agreement, regardless of whether the source code is copyright registered or not. Accordingly, plaintiff is seeking interpretation and enforcement of a contract-a matter of state contract law.** If defendant wishes to make a claim of copyright infringement against plaintiff, defendant may do so as a counterclaim in the state court action or may file a separate suit in federal court alleging copyright infringement under the Copyright Act. **Defendant may not, however, force plaintiff to litigate its breach of contract claim in federal court by attempting to twist an issue of pure contract law into one that arises under the Copyright Act.** *See Keith v. Scruggs,* 507 F.Supp. 968, 970 (S.D.N.Y. 1981) ("That questions of copyright law may arise does not *ipso facto* create federal jurisdiction. *See* 3 Nimmer on Copyright § 1201(A) (1980).... [T]o the extent that these issues anticipate possible defenses (such as the fact that [defendant] claims [plaintiff] was paid for his contribution, and was, therefore, a worker for hire), they cannot be relied upon to establish a federal question.").

*Id.* at *4 (emphasis added).

Here too, Plaintiff Red Apple Media is not alleging that it owns the John Batchelor Show and its content by virtue of the Copyright Act's "work for hire" doctrine or its status as co-author of a joint work. Rather, it is alleging that under the plain language of the 2012 Batchelor Agreement (i) Red Apple Media owns the Show and its contents; (ii) Batchelor breached that Agreement by entering into the Audioboom Agreements in violation of ¶ 3(c) of the 2012 Agreement and by stealing Plaintiff's documents and materials in violation of ¶ 18(c) of the 2012 Agreement; and (iii) Batchelor, the Weiss Agency, and Audioboom breached the 2019 and 2020 Audioboom Agreements by failing to pay Plaintiff all the amounts due under the 2019 and 2020 Agreements, as more fully discussed in the Complaint.

The dispute between the parties is governed by the agreements between the parties. The ownership rights at the heart of the parties' dispute is governed by those agreements. Both the

agreements and the ownership rights require interpretation of state contract law, and therefore federal jurisdiction is improper.  *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996) (in a case where a dispute as to copyright ownership arises under an agreement between the parties, resolution depends on state contract law); *see also Keith v. Scruggs*, 507 F. Supp. 968, 969-70, 971 (S.D.N.Y. 1981) (dismissing plaintiff's federal court complaint, which alleged six cause of action, including breach of contract, breach of fiduciary duty, tortious interference, fraud, and co-ownership of a federal copyright, finding that the "gist of plaintiff's claim against Scruggs is breach of contract" which is more appropriately adjudicated in state court).

In sum, Plaintiff's First Cause of Action for breach of contract against Batchelor, Second Cause of Action for breach of contract against Audioboom and the Weiss Agency, the Third Cause of Action against Audioboom and Batchelor for third-party beneficiary of contract, and the Fourth Cause of Action for tortious interference with contract must be remanded to State Court.  *See, e.g.*, *Keith*, 507 F. Supp. at 969-70, 971 (dismissing plaintiff's federal complaint because the "gist of plaintiff's claim against Scruggs is breach of contract").  Since these state law claims are the crux of this action, the action should be remanded to state court.

## II.      Plaintiff's remaining claims must be remanded

The Second Circuit has outlined a test for gauging whether an action arises under the Copyright Act: (1) The complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, or (2) the complaint asserts a claim requiring construction of the Act.  *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964).  The fact that a case concerns a copyright does not necessarily mean that it is within the jurisdiction of a federal district court.  *See T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 825–28 (2d Cir. 1964); *see also Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343, 347–56 (2d Cir. 2000); *Merchant,* 92 F.3d at 55–56; *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 372

10

(E.D.N.Y. 2014) ("the mere fact that "a case concerns a copyright does not necessarily mean that it is within the jurisdiction of a federal district court.").

The Second Circuit has further explained that the framework for determining whether a state law claim is preempted by the Copyright Act is as follows:

> The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106. *See* 17 U.S.C. § 301(a); *Nat'l Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 848 (2d Cir.1997). The first prong of this test is called the "subject matter requirement," and the second prong is called the "general scope requirement." *See Nat'l Basketball Ass'n,* 105 F.3d at 848.

> The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works. *Id.* at 848–49...

> The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 716 (2d Cir.1992). In other words, the state law claim must involve acts of reproduction, adaptation, performance, distribution or display. *See* 17 U.S.C. § 106; *Computer Assocs.,* 982 F.2d at 716. **Further, the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim**…

> To determine whether a claim meets this standard, we must determine "what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." 1 Roger M. Milgrim, *Milgrim on Trade Secrets* *717 § 2.06A[3], at 2–150 (1992) (hereinafter "Milgrim")….

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (emphasis added).[3] State law claims that require decisions about "extra elements" are not preempted even if they arise in connection with instances of copyright infringement. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716–17 (2d Cir. 1992); *Briarpatch*, 373 F.3d at 305, 307. *Barclays*

---

[3] The central claim in *Briarpatch* was unjust enrichment, not breach of contract. Therefore, Defendants' reliance on *Briarpath* in their Notice of Removal is misplaced, as discussed in Point III below.

*Cap. Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 909 (2d Cir. 2011) ("To identify rights 'equivalent' to those protected by copyright, courts apply an 'extra elements' test that saves from federal preemption claims requiring elements 'instead of or in addition to the acts of reproduction, performance, distribution or display.'"); *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012) (same).

### a. Plaintiff's Eighth Cause of Action for Breach of Fiduciary Duty Must be Remanded

In addition to breach of contract, the gist of Plaintiff's Complaint is breach of fiduciary duty. Breach of fiduciary duty claims are qualitatively different from copyright claims and are not preempted by copyright law because they involve an "extra element" that must be decided under state law. *See, e.g.*, *Briarpatch Ltd.*, 373 F.3d at 307 ("a finding that there was a breach of fiduciary duty to begin with adds an extra element that makes the claims qualitatively different from a claim of copyright infringement."); *Computer Assocs.*, 982 F.2d at 717 (citations omitted) (breach of fiduciary duty claim not preempted by Copyright Act); *Barclays*, 650 F.3d at 909 ("claims based on breaches of fiduciary duty, contractual promises of confidentiality, or trade secrets often survive preemption because 'the underlying right they seek to vindicate is the right to redress violations of' a particular duty or promise different from an exclusive right protected by copyright."); *Sleppin*, 55 F. Supp. 3d at 375 ("because the Plaintiffs allege that the Defendants owed the Plaintiffs a fiduciary duty, the claim is "qualitatively different" than a copyright claim and is therefore not preempted by the Copyright Act.").

Here, the Complaint alleges in count eight that defendant Batchelor was a former independent contractor of Plaintiff who earned in excess of $400,000 a year from Plaintiff or its predecessors-in-interest, that Batchelor owed Plaintiff a fiduciary duty to act with the utmost good faith and integrity, that Batchelor breached his fiduciary duty to Plaintiff by taking

documents and materials that he did not own, and through his other wrongful acts.  As such, Plaintiff seeks relief for state law violations of fiduciary duty by Batchelor, and "the fact that these claims require a finding that there was a breach of fiduciary duty ... adds an extra element that makes the claims qualitatively different from a claim of copyright infringement," *Briarpatch Ltd.*, 373 F.3d at 307.  Therefore the claim for breach of fiduciary duty is not preempted and must be remanded to the State Court Action.

### b.  Plaintiff's Ninth Cause of Action for Accounting Must be Remanded

Claims seeking an accounting are not claims under the Copyright Act, and are not preempted.  Indeed, "[u]nder New York law, an accounting is an equitable remedy that requires that the plaintiff allege a fiduciary or confidential relationship with the defendant … Therefore, the accounting claim is not preempted by the Copyright Act." *Sleppin*, 55 F. Supp. 3d at 377; *see also Reach Glob., Inc. v. Ridenhour,* No. 20 CIV. 391 (AKH), 2020 WL 2319176, at *2 (S.D.N.Y. May 10, 2020) (accounting counterclaim not preempted); *Acorne Productions*, 33 F. Supp. 3d at 181 (claim of accounting remanded).  As such, Plaintiff's accounting claim is not preempted and must be remanded to the State Court Action.

### c.  Plaintiff's Tenth Cause of Action for Aiding and Abetting Batchelor in his Wrongful Activities Must be Remanded

Plaintiff's tenth claim against Audioboom, the Weiss Agency and Heather Cohen for aiding and abetting Batchelor in his wrongful activities is not preempted by the Copyright Act. *See, e.g.*, *Wolfson v. Ernst*, 112 F. Supp. 3d 167, 169 (S.D.N.Y. 2015) (claim for aiding and abetting filing of a fraudulent copyright, and for aiding and abetting filing of fraudulent affidavits not preempted).  In *Wolfson,* the court found that the aiding and abetting of a fraud claim was not preempted, despite the fact that the fraud claims turned on interpretation of the copyright act.  *Id.* at 171.  The court, citing the Supreme Court decision, *Gunn v. Minton*, 568

U.S. 251, 254 (2013), found that the interpretation of the Copyright Act was not a "substantial question" in the aiding and abetting of a fraud claim, because it was not important "to the federal system as a whole." *Id.,* citing *Gunn*, 568 U.S. at 260.  Here too, Batchelor did not have the lawful right to falsely claim that he owns the Show's contents.   With full knowledge of Batchelor's wrongful conduct, defendants Audioboom, the Weiss Agency, and Heather Cohen provided substantial assistance to Batchelor, and thus aided and abetted his wrongful conduct. The aiding and abetting claim based on Batchelor's wrongful activities does not involve a "substantial question" related to the Copyright Act, and therefore the claim is not preempted.

### d.  Plaintiff's Eleventh Cause of Action for Fraud Must Be Remanded

Claims for fraud are not claims under the Copyright Act, and are not preempted.  *See, e.g.*, *Reach Glob., Inc.*, 2020 WL 2319176, at *2 (This is a matter of contract and fraud, not of copyright, and therefore the claims are not preempted); *Bear Creek Prods., Inc. v. Saleh,* 643 F.Supp. 489, 492 (S.D.N.Y. 1986) (Where the focus of the complaint is on state law principles of breach of contract and fraud, there is no preemption).

Similarly, here, Plaintiff alleges that Batchelor engaged in fraud and misrepresentations when he falsely stated in the 2019 and 2020 Audioboom Agreements that he had the right to enter into those contracts with Audioboom. As alleged in the Complaint (¶¶ 2; 126), Batchelor did not own the content of the Show and had no right to contract with Audioboom in the name of the "John Batchelor Show."  Batchelor further engaged in fraud when he failed to disclose to Plaintiff the full terms and conditions of the 2019 and 2020 Audioboom Agreements, and failed to provide a copy to Plaintiff until March 2021.  He did so with intent to defraud Plaintiff out of the advertising revenue owed to it under the 2019 and 2020 Audioboom Agreements.  Complaint ¶¶ 27, 30, 127.  In addition, in 2021 Batchelor made numerous material misrepresentations of

fact to Plaintiff with the intent of defrauding and deceiving Plaintiff when he wrongfully copied the files owned by Plaintiff.  Complaint ¶ 40-42; 128.

With respect to Defendants the Weiss Agency and Cohen, they actively participated in Bachelor's fraud through the conduct alleged in the Complaint, and are equally liable for fraud as is Batchelor. *Id.* ¶ 48; 131.  Indeed, as active participants in the fraud and as the agent for both Batchelor and the Show, the Weiss Agency and Cohen owed Plaintiff a duty to fully disclose the true facts regarding Batchelor's misrepresentations and the 2019 and 2020 Audioboom Agreements. *Id.* ¶ 132. The Weiss Agency and Cohen intentionally failed to make full disclosure of the facts related to this.  These are allegations of fraud, not of copyright, and therefore this claim must be remanded to the State Court Action.

### e.   Plaintiff's Twelfth Cause for Declaratory Judgment Must be Remanded

Claims asking the court to provide a declaratory judgment that comports with Plaintiff's reading of agreements between the parties that govern the dispute are not claims under the Copyright Act, and are not preempted.  *See, e.g.*, *Acorne Productions*, 33 F. Supp. 3d at 183, explaining that:

> defendants' declaratory judgment counterclaim does not arise under the Copyright Act but, rather, asks the court to parse the terms of the agreement between the parties. The declaratory judgment remedy is not expressly stated in the Copyright Act; it is available by virtue of a separate statute, The Declaratory Judgment Act. *See* 28 U.S.C. § 2201. The counterclaim also does not require interpretation of the Copyright Act because the issue of who owns the copyright is dictated by the parties' agreement, and not a term of the Act…. In the instant case, the dispute involves what the parties agreed to, not the compatibility with, or interpretation of, that agreement within the context of the Act…

> Here, defendants' counterclaim seeks a declaratory judgment that they are the sole owners of all materials relating to the film and monetary damages for their breach of contract claim. Defendants' requested relief is not dependent on or derived from the Copyright Act... For these reasons, the court finds that defendants' declaratory judgment counterclaim does not arise under the Copyright Act and that this court does not have jurisdiction pursuant to 28 U.S.C. § 1454...Moreover, the court is unable to find prior federal cases, where, as here, ownership is

> dictated by the terms of the parties' agreement and a party has sought a declaratory judgment regarding ownership. The court must "construe the removal statute narrowly, resolving any doubts against removability," *Sherman*, 528 F.Supp.2d at 325, and accordingly grants plaintiffs' motion to remand.

*Id.* at 183-84; *see also Sleppin*, 55 F. Supp. 3d at 379 ("Where claimants have sought a declaratory judgment as to copyright ownership that center on interpreting an agreement, New York courts have held that their claims do not confer federal jurisdiction as they do not necessitate the interpretation of the Copyright Act."); *T.B. Harms Co.*, 339 F.2d at 825-827 (plaintiff brought an action in federal court seeking a declaratory judgment as to the ownership of the copyrighted songs; Judge Henry Friendly found that the dispute at issue involved whether the parties had agreed to an assignment of the copyright and not compatibility with or construction of the Copyright Act, and therefore the claim was not preempted); *Reach Glob., Inc.*, 2020 WL 2319176, at *2 (declaratory judgment action not preempted).

### f.   Plaintiff's Fifth Cause of Action for Conversion Must be Remanded

State law conversion claims like this one for theft of documents and files are not preempted by the federal Copyright Act.  The Southern District of New York explained that certain conversion claims "turns on state law principles of conversion and does not necessitate my construing the Copyright Act."  *Reach Glob., Inc.*, 2020 WL 2319176, at *2.

 In *Reach*, the defendants claimed that their conversion counterclaim was governed by the Copyright Act because they claimed that they had a copyright interest in certain musical compositions and that the Plaintiffs acquired those copyrights through an act of conversion.  *Id.* However, the court found that "mere reference to a copyright interest is not enough," and that it was clear that Defendants' conversion claims revolved around issues related to the contract between the parties and issues of fraud, not of copyright.  *Id.*, *citing Acorne Productions*, 33 F. Supp. 3d at 183 ("[T]he issue of who owns the copyright is dictated by the parties' agreement,

and not ... the Act."). Here, paragraph 18(c) of the 2012 Agreement prohibited Batchelor from stealing Plaintiff's confidential documents and information. Batchelor breached this provision of the 2012 Agreement, which unquestionably is a state law claim.

> The Court in *Reach* further explained that:
>
> The parties do not dispute that the copyrights at issue are enforceable; nor do they ask the Court to resolve any issue pertaining to the breadth of the copyrights' coverage or the meaning of the Act itself. The case is thus about which of the parties owns the copyrights under the contracts and in light of various principles of state common law, which falls short for purposes of jurisdiction. *See, e.g.*, *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) ("[I]f the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and ... federal jurisdiction is lacking"); *Acorne*, 33 F.Supp.3d at 181 (the "claims do not necessitate construction of the Act; instead, they require interpretation of the parties' agreement"). As another court observed in similar circumstances, "[a]ny question of ownership implicated by [the] common law claims can be resolved through interpretation of the parties' agreement under state law." *Id.*[4]

*Id.* The Court explained that the conversion claim is not preempted because:

> Defendants "seek[ ] to vindicate" is not "equivalent to one of the bundle of exclusive rights already protected by copyright law." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). The alleged conversion does not involve "acts of reproduction, adaptation, performance, distribution or display," *id.*, but rather the alleged act of wrongfully assuming control over Defendants' intellectual property.[5] *See St. John's Univ., New York v. Bolton*, 757 F.Supp.2d 144, 178 (E.D.N.Y. 2010) ("The two elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights."); Def. Opp. Mem. at 22 ("Ridenhour has pled that Reach and Closter took possession of sound recordings which belong to Ridenhour and took control of BTNM."); *cf. Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1130 (N.D. Cal. 2001) (finding a conversion claim preempted where, unlike here, the "plaintiff [alleged] that the defendants wrongfully *reproduced*" his computer program "without his permission, the essence of a claim for copyright infringement").

*Id.* at *3. These words ring equally true here, where the conversion constituted wrongful theft of files that Batchelor did not own and that he was prohibited from taking by paragraph 18(c) of the 2012 Agreement. Just as in *Reach*, where the Court remanded all claims and counterclaims –

including claims for declaratory judgment, fraud, accounting and conversion – to state court, so this Court should do likewise.

As in *Reach*, "[t]he parties do not dispute that the copyrights at issue are enforceable; nor do they ask the Court to resolve any issue pertaining to the breadth of the copyrights' coverage or the meaning of the Act itself." *Id.* at *2. Rather, "[t]he case is thus about which of the parties owns the copyrights under the contracts and in light of various principles of state common law." *Id.* Plaintiff Red Apple Media's claim for conversion alleges that Defendants wrongfully took Plaintiff's property, which is a state law claim that should be remanded to state court. *See* Complaint ¶¶ 94-95.

### g. Plaintiff's Seventh Cause of Action for Unjust Enrichment Should Be Remanded

In *Kennedy*, the Southern District of New York found that plaintiff's claim for unjust enrichment seeking remuneration for the reasonable value of services rendered was not preempted by the copyright act. *Kennedy v. LaCasse*, No. 17-CV-2970 (KMK), 2017 WL 3098107, at *5 (S.D.N.Y. July 20, 2017) (citations omitted). In reaching that conclusion, the court explained that

> courts have recognized that an unjust enrichment claim may not be preempted where the claim seeks to vindicate a right not covered by the Copyright Act, for example, a right to receive remuneration for services rather than a right to receive compensation for use of copyrighted works. *See Palatkevich v. Choupak*, 152 F. Supp. 3d 201, 222 (S.D.N.Y. 2016) ("[The] [p]laintiffs' allegations state a claim for unjust enrichment, not because such software/code/programs were [the] [p]laintiffs' copyright—they were not—but because [the] [p]laintiffs alleged that [the] [d]efendants were 'enriched' by the work each of them did for [the company], at [the] [p]laintiffs' 'expense' (because they did not get compensated for their work via receipt of 10% of the company) ....") … It may be the case, for instance, that a defendant is unjustly enriched at the time it accepts a copyrighted work from the plaintiff without paying for it, even before the defendant ever publishes or displays the copyrighted work.

*Id.*

18

Here too, Plaintiff seeks to vindicate a right not protected by the Copyright Act, but instead seeks compensation for the use of a show that it owns.  Therefore, this claim is not preempted by the Copyright Act and should be remanded to State Court.  *See also*, *Acorne Productions*, 33 F. Supp. 3d at 181 (claim of unjust enrichment remanded).[4]

Red Apple Media's unjust enrichment claim was merely pled as an alternative to the breach of contract claims. *See e.g., Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 64 (S.D.N.Y. 2016) (under New York law, unjust enrichment claim may be pled in the alternative to a breach of contract claim if there is a bona fide dispute as to whether the contract governs, but the unjust enrichment claim will be dismissed if the contract governs).  The crux of this case is breach of contract, which warrants remanding this case back to the State Court Action regardless of the unjust enrichment claim.  If the Court so chooses, it may dismiss the unjust enrichment claim because it simply is an alternative to the contract claim.[5]

### III.    Defendants' Rationale For Removal is Unfounded

Defendants' bare-bones Notice of Removal ignores the fact that the gist of this Complaint is breach of contract and pretends that the complaint is only for unjust enrichment.  Defendants also ignore the well-known case-law cited above, and rely on inapposite cases such as *Briarpatch*, *Barnhart*, *Forest Park* and *Miller* to support its meritless removal to Federal Court.

---

[4] Even if this Court were to find that certain of the claims were properly removed to Federal Court, this Court should abstain from exercising supplemental jurisdiction over the other, state law claims.   *See* 11 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction").

[5] Plaintiff voluntarily dismisses its sixth cause of action for common law copyright infringement. *Sleppin*, 55 F. Supp. 3d at 374 ("Plaintiff is 'master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law'").

In *Briarpatch*, the Second Circuit found that the plaintiffs' unjust enrichment claim and related declaratory judgment claim against defendant were preempted by the Copyright Act. *Briarpatch,* 373 F.3d at 306-07.   However, and **unlike this case,** in *Briarpatch*, there was no contract between the parties governing Plaintiffs' rights to the novel and the screenplay there in issue.  The Second Circuit affirmed the District Court's preemption because the gist of the action was unjust enrichment of rights protected by the Copyright Act, not breach of contract. *Briarpatch*, 373 F.3d at 306.  In contrast to *Briarpatch*, here plaintiff sues for unjust enrichment as an alternative to its breach of contract claims, which are the main claims being asserted.

With respect to declaratory judgment, the declaration of rights that the plaintiffs in *Briarpatch* sought was for rights under the Copyright Act (adaptation rights of a novel and a screenplay), not for contractual rights.  *Id.* at 307.[6]   As discussed *supra*, this case is markedly different: the gist of the claims in this case are on the agreements between the parties. Plaintiff Red Apple Media seeks a declaratory judgment of its contract rights, not an interpretation of the Copyright Act.

Defendants' reliance on *Barnhart* is similarly unavailing.  In *Barnhart*, there was also no contracts between the Parties.  Rather, the complaint alleged four counts of fraud, all of which turned on the issue of whether plaintiff was considered the sole author of the songs at issue under the Copyright Act.  *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 CIV. 3668 (JGK), 2005 WL 549712, at *4 (S.D.N.Y. Mar. 8, 2005) ("The plaintiff's claims, although ostensibly based on fraud, therefore require that the issue of the plaintiff's rights as the author of the works in question be determined, which requires interpretation of the Copyright Act … The plaintiff's

---

[6] As previously noted above, the Second Circuit also held that the breach of fiduciary claims were not preempted because "the fact that these claims require a finding that there was a breach of fiduciary duty to begin with adds an extra element that makes the claims qualitatively different from a claim of copyright infringement."  *Briarpatch*, 373 F.3d at 307.

status as the author of the Songs is central to his claim of fraud").  Here, as discussed *supra*, Plaintiff's fraud claims are based on fraudulent activity and misrepresentations surrounding the agreements, and therefore the claims are not preempted by the Copyright Act. Moreover, unlike in *Barnhart*, Plaintiff's case is not merely one of fraud.  Plaintiff's Complaint contains numerous other state law causes of action, especially breach of contract and related contract claims.

Finally, in *Miller*, the Second Circuit held that plaintiff's claims for tortious interference with business relationships and conversion were preempted because unauthorized publication of her memoirs is the "gravamen" of plaintiff's claim, and such a claim was "'coextensive with an exclusive right already safeguarded by the [Copyright] Act' and thus that state law claim is preempted." *Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 73 (2d Cir. 2010) (citations omitted) (alteration in the original).  Unlike in Miller, Red Apple Media's claims, including its conversion claim, are not coextensive with the Copyright Act; rather, they are based on the theory of breach of contract and other state-law claims, and therefore are not preempted.

Notably, not one case cited by Defendants involves a breach of an express contract claim. This is not surprising, because the case law is quite clear: "if the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and … federal jurisdiction is lacking." *Jasper*, 314 F.3d at 46.

Indeed, even the case cited by Defendants with respect to a contract claim (implied contract) found that the implied contract claim was not preempted because "plaintiff suing for failure to pay under a contract must prove extra elements beyond use or copying, including mutual assent and valid consideration … [and] … a breach of contract claim asserts rights only against the contractual counterparty, not the public at large.  *Forest Park*, 683 F.3d at 431.

Here, the gist of Plaintiff's Complaint is for breach of contract, breach of fiduciary duty, fraud, accounting, and other state-law claims.  These claims do not involve interpretation of the Copyright Act; rather, they require interpretation of the agreements and other state-law claims. Therefore, Defendants' arguments in its Notice of Removal are unpersuasive, and the case must be remanded because the claims are not preempted by federal copyright law.

### IV.      Plaintiff is entitled to costs and fees for this Motion

Pursuant to 11 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, the Plaintiff's case plainly involves the interpretation of agreements between the Parties and other state-law claims, such as breach of fiduciary duty, fraud, and accounting.  There is no substantial questions involving the Copyright Act in this case, and Defendants' removal to Federal Court was baseless in this case.  Therefore, Plaintiff should be awarded costs and fees associated with this removal to this Court.  *See* Glauber Dec., ¶ 6.


Dated: New York, New York                         **DILWORTH PAXSON LLP**
      September 23, 2022

                                                 By:  /s/ Ira N. Glauber
                                                     Ira N. Glauber (8383)
           Yonit A. Caplow (6866)
           99 Park Avenue, Suite 320
           New York, New York 10016
           (917) 675-4252
           iglauber@dilworthlaw.com
           ycaplow@dilworthlaw.com

           *Attorneys for Plaintiff, Red Apple Media, Inc.*