UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                              :

RED APPLE MEDIA, INC.,                :   Case No. 22 Civ. 07547 (JSR)
                                              :

               Plaintiff,        :

            -against-        :

JOHN BATCHELOR, UNION RIVER   :
PRESS, INC., AUDIOBOOM LIMITED, THE  :
WEISS AGENCY INC., and HEATHER   :
COHEN,                            :

            Defendants.     :

-----------------------------------------------------------X

## DEFENDANT AUDIOBOOM LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

**Page(s)**

Table of Authorities ...................................................................................................... ii

INTRODUCTION ..........................................................................................................1

BACKGROUND .............................................................................................................1

ARGUMENT ..................................................................................................................6

I.      Red Apple Misrepresents its Own Allegations and the Legal Standard for
Removal ...............................................................................................................6

II.     Red Apple's Claims Arise Under Federal Law and Therefore Support Removal..............8

       A.     Red Apple's Claims Are Preempted by the Copyright Act and Are
Therefore Deemed to Arise Under Federal Law...................................................10

              1.     Unjust Enrichment ................................................................................11

              2.     Common Law Copyright .......................................................................13

              3.     Conversion ...........................................................................................14

              4.     Declaratory Judgment ..........................................................................16

              5.     Accounting ...........................................................................................17

               6.     Breach of Contract ...............................................................................18

               7.     Aiding and Abetting..............................................................................21

III.    Red Apple's Claims Require Construction of the Copyright Act and Seek
Remedies Granted by the Copyright Act .............................................................22

CONCLUSION................................................................................................................24

**Cases**

*Acorne Prods., LLC v. Tjeknavorian*,
33 F. Supp. 3d 175 (E.D.N.Y. 2014) ........................................................12, 17, 18

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
175 F. Supp. 3d 44 (S.D.N.Y. 2016).......................................................................13

*Altman-Gubernikoff v. Garely*,
2021 U.S. Dist. LEXIS 52207 (S.D.N.Y. Mar. 19, 2021) ...........................7, 15, 20

*Arma v. Buyseasons, Inc.*,
591 F. Supp. 2d 637 (S.D.N.Y. 2008) ......................................................................8

*Baiul v. NBC Sports*,
2016 U.S. Dist. LEXIS 52291 (S.D.N.Y. Apr. 19, 2016)................................14, 18

*Barnhart v. Federated Dep't Stores, Inc.*,
2005 U.S. Dist. LEXIS 3631 (S.D.N.Y. Mar. 5, 2005) ........................................8, 23

*Bracey v. Bd. of Educ.*,
368 F.3d 108 (2d Cir. 2004).............................................................................. 9-10

*Briarpatch Ltd., L.P. v. Phx. Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004)................................................................... *passim*

*Cmty. for Creative Non-Violence v. Reid*,
490 U.S. 730 (1989)................................................................................................13

*DeCarlo v. Archie Comic Publ'ns*,
127 F. Supp. 2d 497 (S.D.N.Y. 2001).............................................................23, 24

*Eliya, Inc. v. Kohl's Dep't Stores*,
2006 U.S. Dist. LEXIS 66637 (S.D.N.Y Sept. 13, 2006)......................................13

*Estate Examinations Co. v. ECG Enters.*,
2006 U.S. Dist. LEXIS 81478 (E.D.N.Y. Nov. 7, 2006)..................................20, 23

*Fed. Ins. Co. v. Tyco Int'l Ltd.*,
422 F. Supp. 2d 357 (S.D.N.Y. 2006)......................................................................7

*Gary Friedrich Enters., LLC v. Marvel Enters.*,
713 F. Supp. 2d 215 (S.D.N.Y 2009)......................................................................18

*Genius Media Grp. v. Google LLC & Lyricfind*,
2020 U.S. Dist. LEXIS 173196 (E.D.N.Y. Aug. 10, 2020),
*aff'd*, 2022 U.S. App. LEXIS 6206 (2d Cir. March10, 2022) ................................19

*Gunn v. Minton*,
568 U.S. 251 (2013)................................................................................................21

*Hines v. W. Chappell Music Corp.*,
2022 U.S. Dist. LEXIS 151760 (S.D.N.Y. Aug. 23, 2022)......................... 11, 12-13

*Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*,
476 F. Supp. 2d 291 (S.D.N.Y 2007)........................................................................9

*Jasper v. Bovina Music, Inc.*,
314 F.3d 42 (2d Cir. 2002)......................................................................................20

*Keith v. Scruggs*,
507 F. Supp. 968 (S.D.N.Y. 1981) ..........................................................................20

*Kennedy v. LaCasee*,
2017 U.S. Dist. LEXIS 113418 (S.D.N.Y. July 20, 2017) ......................................12

*Kinsley v. Udemy, Inc.*,
2021 U.S. Dist. LEXIS 62885 (N.D. Cal. Mar. 31, 2021)......................................21

*Klauber Bros., Inc. v. QVC, Inc.*,
2020 U.S. Dist. LEXIS 223308 (S.D.N.Y. Nov. 30, 2020) ....................................21

*Meer Enters., LLC v. Kocak*,
2018 U.S. Dist. LEXIS 67107 (S.D.N.Y. Apr. 20, 2018)................................. 13-14

*Melendez v. Sirius XM Radio, Inc.*,
2022 U.S. App. LEXIS 27666 (2d Cir. Oct. 4, 2022).................................... 9, 10-11

*Merchant v. Levy*,
92 F.3d 51 (2d Cir. 1996)...............................................................................7, 20, 23

*MLGenius Holdings LLC v. Google LLC*,
2022 U.S. App. LEXIS 6206 (2d Cir. March 10, 2022) ..........................................19

*New London Assocs., LLC v. Kinetic Soc. LLC*,
384 F. Supp. 3d 392 (S.D.N.Y. 2019)......................................................................14

*Panizza v. Mattel, Inc.*,
2003 U.S. Dist. LEXIS 17228 (S.D.N.Y Sept. 30, 2003)........................................11

*Patrick v Francis*,
887 F. Supp. 481 (W.D.N.Y 1995)...........................................................................13

*Pullman Co. v. Jenkins*,
　305 U.S. 534 (1939)............................................................................7

*Reach Glob., Inc. v. Rindenhour*,
　2020 U.S. Dist. LEXIS 82506 (S.D.N.Y. May 10, 2020)......................... 15-16, 18

*Renaissance Fin. Sec. Corp. v. DHB Capital Grp.*,
　1997 U.S. Dist. LEXIS 20011 (S.D.N.Y. Dec. 15, 1997) ........................8

*Rx Data Corp. v. Dep't of Soc. Servs.*,
　684 F.2d 192 (2d Cir. 1982)..............................................................22

*Saint-Amour v. The Richmond Org., Inc.*,
　388 F. Supp. 3d 277 (S.D.N.Y. 2019).................................................19

*Sharp v. Patterson*,
　2004 U.S. Dist. LEXIS 22311 (S.D.N.Y. Nov. 3, 2004).........................21

*Sleppin v. Thinkscan.com LLC*,
　55 F. Supp. 3d 366 (E.D.N.Y. 2014) .............................................14, 17, 18

*St. John's Univ., New York v. Bolton*,
　757 F. Supp. 2d 144 (E.D.N.Y. 2010) ................................................15

*Stanacard, LLC v. Rubard, LLC*,
　2016 U.S. Dist. LEXIS 15721 (S.D.N.Y. Feb. 3, 2016)..........................14

*T.B. Harms Co. v. Eliscu*,
　339 F.2d 823 (2d Cir. 1964)..........................................................10, 17, 22

*Travelers Indem. Co. v. Sarkisian*,
　794 F.2d 754 (2d Cir. 1986).................................................................7

*Vera v. Saks & Co.*,
　335 F.3d 109 (2d Cir. 2003)............................................................6, 22

*We Shall Overcome Found. v. Richmond Org.*,
　221 F. Supp. 3d 396 (S.D.N.Y. 2016).............................................11, 17, 19

*Wolfson v. Ernst*,
　112 F. Supp. 3d 167 (S.D.N.Y. 2015).................................................8, 21

*Yeend v. Akima Global Servs., LLC*,
　2021 U.S. Dist. LEXIS 158408 (S.D.N.Y Aug. 23, 2021).........................7

**Statutes**

17 U.S.C. § 101 ................................................................................17, 24

17 U.S.C. § 102(a) ...............................................................................................10

17 U.S.C. § 106 (1),(3),(6) ................................................................................11

17 U.S.C. § 203(a) ...............................................................................................24

17 U.S.C. § 301 .......................................................................................................9

17 U.S.C. § 302(b),(c) .........................................................................................24

17 U.S.C. § 304(c) ...............................................................................................24

28 U.S.C. § 1338(a) ...............................................................................................8

28 U.S.C. § 1367(a) ...............................................................................................8

**Other Authorities**

1 Nimmer on Copyright § 5.03 (2022) ...........................................................16

Defendant Audioboom Ltd. ("Audioboom") respectfully submits this opposition to Plaintiff Red Apple Media, Inc.'s ("Red Apple" or "Plaintiff") motion to remand to state court.

## INTRODUCTION

Red Apple claims to own the copyright to recordings of a radio show known as The John Batchelor Show (the "Show") by virtue of a work-for-hire arrangement with the show's host, John Batchelor. It further alleges that Batchelor copied those recordings, and that Audioboom distributed those recordings, without proper authorization. Based on those allegations, Red Apple purports to assert a variety of common law claims under state law. However, because Red Apple's claims are equivalent to claims for copyright infringement under the United States Copyright Act, require interpretation of the work-for-hire provision of the Copyright Act, and seek remedies available under the Copyright Act, the claims are deemed to arise under the federal law, thereby vesting this Court with jurisdiction. This action was therefore properly removed, and Red Apple's motion to remand should be denied.

## BACKGROUND

Red Apple commenced this action on July 29, 2022 by filing the Complaint in New York state court. (Notice of Removal, Ex. 1 [Dkt. 1].) The "Nature of the Action" section of the Complaint alleges that "all of the [S]how's intellectual property and content is owned by Plaintiff as 'works for hire' commissioned and paid for by Plaintiff and its predecessor-in-interest" and that "Defendants have wrongfully distributed and broadcast podcasts of the show, thereby enriching themselves without adequately compensating Plaintiff." (Cmplt. ¶ 1.) The alleged "theft of Plaintiff's intellectual property," which forms the basis of Red Apple's claims, consisted of Batchelor "convey[ing] to [Audioboom], for a percentage of the advertising revenue, the right to distribute podcasts of the [] Show, when Batchelor did not own the content of the Show and had

no right to convey it to Audioboom," and "Batchelor post[ing] content and air[ing] podcasts of the [] Show on his own personal website[.]" (*Id.* at ¶ 2.)

Red Apple goes on to allege that, in 2012, its predecessor entered an agreement with Batchelor pursuant to which "[a]ll intellectual property associated with the [] Show is a 'work made for hire'" under the United States Copyright Act, "because Plaintiff and its predecessors-in-interest … commissioned and directed that the Show be produced, and paid all production and other expenses for producing the Show[.]" (*Id.* at ¶ 12.) Red Apple therefore alleges that it should be "deemed legally to be the author and the owner of all intellectual property associated with the Show." (*Id.* at ¶ 13.)[1]

In December 2019, while Red Apple was negotiating to buy the assets of WABC Radio, including rights to the Show, Batchelor represented to Audioboom that he had been authorized to license the rights to distribute the Show in podcast form, and he granted those rights to Audioboom as part of an "unapproved side deal." (*Id.* at ¶¶ 20-21, 24.) The agreement between Batchelor and Audioboom gave whichever entity ultimately acquired WABC Radio the right to renegotiate or terminate the agreement. (*Id.* at ¶ 26.) Batchelor was represented by the Weiss Agency and Heather Cohen in his 2019 agreement with Audioboom, which was renewed in December 2020 on similar terms. (*Id.* at ¶¶ 20, 29.)

After the Show was taken off the air in March 2021, Batchelor allegedly "proceeded to illegally copy for his own personal gain a substantial amount of the materials, tapes, data and other intellectual property that belongs to Plaintiff and that he had recorded for the [] Show over the

---

[1] Though not mentioned in Red Apple's motion, its Complaint alleges that, in 2015, Red Apple's immediate predecessor granted Audioboom the right to distribute podcasts of the Show in exchange for a portion of the advertising revenue. (Cmplt. ¶ 18.) Red Apple's Complaint is silent as to how long that 2015 agreement with Audioboom remained in place.

years." (*Id.* ¶ 40.) Batchelor then allegedly "posted and displayed on his own personal website podcasts of the Show and other tapes and materials for the Show that he did not own." (*Id.* at ¶ 41.) Batchelor allegedly "had no lawful right to do this since he did not own any of the intellectual property associated with the Show." (*Id.*)

Later that month, Red Apple wrote to Audioboom demanding that it "cease distribution and publication of the [] Show podcasts because all of the content was created as a 'work for hire' that is not owned by Batchelor" (*id.* at ¶ 45); it wrote to Batchelor asserting that "he had no lawful right to copy and use any content created for the [] Show because it was all owned by Plaintiff" (*id.* at ¶ 46); and it wrote to the Weiss Agency and Cohen asserting that "all of the content of the [] Show is owned by Plaintiff" and that the "Weiss Agency and Cohen acted as agent for both Audioboom and Batchelor in the distribution and publication of the [Show] podcasts by Audioboom in derogation of Plaintiff's rights as the exclusive owner of all content of the [] Show" (*id.* at ¶ 48). Red Apple wrote to Defendants again in November 2021 asserting that "they have no right to use, publish, or air any materials created or developed for the Show[.]" (*Id.* at ¶ 52.)

Though Red Apple repeatedly alleges that Defendants unlawfully copied and distributed its recordings of the Show, which mirrors a claim for infringement under the Copyright Act, Red Apple purports to assert a variety of claims under state common law:

<u>Breach of Contract against Batchelor (First Cause of Action)</u> alleging that "[a]ll of the materials and content produced for the [] Show are 'works made for hire,'" yet Batchelor allegedly "authorized Audioboom to distribute podcasts of the [] Show containing content and material produced for the Show that is owned by Plaintiff," "cop[ied] … material produced over the years for the [] Show" and "illegally posted some of that content on his website[.]" (*Id.* at ¶¶ 61, 62, 64);

Breach of Contract against Audioboom and the Weiss Agency (Second and Third Causes of Action) claiming that Red Apple is either (i) "deemed to be a party" to Audioboom's 2019 and 2020 agreements with Batchelor, because Red Apple claims to own the copyright in recordings of the Show, or (ii) an intended third-party beneficiary of those agreements, because Audioboom and Batchelor allegedly "intended to pay the owner of the Show's intellectual property – the Plaintiff – the advertising and other revenue earned from distribution of the Show's podcasts." (*Id.* at ¶¶ 70, 78.) Red Apple acknowledges, however, that the parties to the 2019 and 2020 agreements were Audioboom and *Batchelor*—not Red Apple—and Red Apple alleges that it was neither aware of, nor approved of, those agreements with Audioboom. (*Id.* at ¶¶ 20, 27-30);

Tortious Interference with Contract against Audioboom, the Weiss Agency and Cohen (Fourth Cause of Action) based on Audioboom having allegedly "entered into and carried out the 2019 and 2020 Agreements with Batchelor whereby podcasts of the [] Show containing material and content owned exclusively by Plaintiff were distributed and broadcast by Audioboom," and the Weiss Agency and Cohen having allegedly "arranged for Audioboom to distribute podcasts of the [] Show containing content that was not owned by Batchelor." (*Id.* at ¶¶ 84, 85);

Conversion against Batchelor (Fifth Cause of Action) based on Batchelor having allegedly "misappropriated the content and material prepared for or by the [] Show, and caused it to be distributed and broadcast as podcasts by Audioboom, or on his own website" and also having "wrongfully and illegally copied a substantial amount of the … material produced for the [] Show that is owned by Plaintiff[.]" (*Id.* at ¶¶ 93, 94);

Common Law Copyright Infringement against all Defendants (Sixth Cause of Action) based on their alleged "copying, reproduction, distribution, or broadcasting of the materials and content produced for or by the [] Show," which purportedly "constitutes unique intellectual

property subject to common-law copyright protection under the law of the State of New York."
(*Id.* at ¶¶ 100, 103);

Unjust Enrichment against all Defendants (Seventh Cause of Action) based on their alleged copying and distribution of recordings of the Show allegedly owned by Red Apple.  (*Id.* at ¶ 107);

Breach of Fiduciary Duty against Batchelor (Eighth Cause of Action) based on Batchelor having allegedly "distribut[ed] podcasts of the [] Show containing content exclusively owned by Plaintiff, by using material owned by Plaintiff for Batchelor's website [and] failing to fully compensate Plaintiff for the conversion of its intellectual property."  (*Id.* at ¶ 111);

Accounting against all Defendants (Ninth Cause of Action) as to the revenue allegedly earned from "distribution of the podcasts and other use of materials produced by the [] Show in violation of Plaintiff's rights as owner of the intellectual property in question."  (*Id.* at ¶ 116);

Aiding and Abetting against Audioboom, the Weiss Agency and Cohen (Tenth Cause of Action) for assisting Batchelor in "allow[ing] podcasts of the [] Show to be distributed by Audioboom based on the false assertion that Batchelor owns the Show's contents."  (*Id.* at ¶ 122);

Fraud against Batchelor, the Weiss Agency and Cohen (Eleventh Cause of Action) for, among other things, allegedly "falsely stating in the 2019 and 2020 Audioboom Agreements that he had the right to permit Audioboom to distribute podcasts of the [] Show when, in fact, Batchelor did not own the content of the Show[.]"  (*Id.* at ¶¶ 126, 127); and

Declaratory Judgment (Twelfth Cause of Action) claiming there is "an actual controversy with respect to whether defendants had the right to copy, distribute, and broadcast the content of the [] Show" and seeking a declaration that "that the material and intellectual property that is the subject of this action is owned exclusively by Plaintiff as a 'work made for hire,' and that

defendants had no right whatsoever to copy, distribute, or broadcast it in podcast form, on Batchelor's website, or on his new show." (*Id.* at ¶¶ 137, 138.)

On September 2, 2022, Audioboom, with the consent and approval of the other Defendants, timely removed the action to this Court. (Dkt. 1) ("Notice of Removal"). The Notice of Removal demonstrated that Red Apple's claims are based on Defendants having allegedly copied and distributed audio recordings of the Show, the copyrights to which were allegedly owned by Red Apple (*id.* at ¶¶ 2, 13), and that those claims are therefore preempted by, and are deemed to arise under, the United States Copyright Act (*id.* at ¶¶ 8-14).

On September 23, 2022, Red Apple moved to remand the action to state court. (Dkt. 15) ("Remand Mot."). As explained below, Red Apple's motion misrepresents both the applicable legal standard, as well as Red Apple's own pleading. The motion should therefore be denied.

## ARGUMENT

### I. Red Apple Misrepresents its Own Allegations and the Legal Standard for Removal

Red Apple claims that the "gist" of its case is for state-law claims of breach of contract, breach of fiduciary duty, fraud, aiding and abetting and accounting (Remand Mot. at 1), while ignoring the plethora of allegations that Defendants copied and distributed copyrighted recordings allegedly owned by Red Apple under the "work for hire" provisions of the U.S. Copyright Act. (*id.*, *passim*.) Red Apple also attempts to raise new facts not alleged in the Complaint— namely, a provision of Batchelor's 2012 agreement with Red Apple's predecessor prohibiting the disclosure of "secret or confidential information, knowledge or data…" (*id.* at 5-6.)

However, courts "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed" and will therefore reject efforts by plaintiffs to "disavow or at least minimize" allegations in the complaint that give rise to federal jurisdiction. *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003). In addition, courts will "not consider the additional

facts alleged in Plaintiffs' briefs" on motions to remand. *Altman-Gubernikoff v. Garely*, 2021 U.S. Dist. LEXIS 52207, at *3 n.6 (S.D.N.Y. Mar. 19, 2021); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (right to remove a case to federal court "was to be determined according to the plaintiffs' pleading at the time of the petition for removal."); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) ("the propriety of removal is to be determined by the pleadings at the time of removal").

As a result, the Court should strike the declaration of Red Apple's counsel which attaches contractual provisions not cited in the Complaint (Dkt. 14), ignore the new assertions and misrepresentations contained in Red Apple's motion, and evaluate the propriety of removal by reference only to the allegations in the Complaint.

Red Apple also misstates the legal standard for removal. It appears to believe that federal courts will remand individual claims asserted in an action, even if they have jurisdiction over other claims and the action was therefore properly removed. (Remand Mot. 7-19.) That is not correct. Defendants need only show that *one claim* arises under federal law in order to support removal. *See Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) ("Since the District Court's subject matter jurisdiction over Plaintiffs' claim for a declaration of copyright co-ownership is sufficient to confer jurisdiction over the entirety of Plaintiffs' Complaint, there is no need to consider Defendants' jurisdictional attack on Plaintiffs' other claims."); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754 (2d Cir. 1986) (upholding removal even though only one claim out of four was identified as "federal"); *Yeend v. Akima Global Servs., LLC*, 2021 U.S. Dist. LEXIS 158408, *14 (S.D.N.Y Aug. 23, 2021) ("A single claim over which federal-question jurisdiction exists is sufficient to allow removal") (quoting *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005)).

That is especially true where, as here, the action involves claims arising under the Copyright Act, over which federal courts have *exclusive* jurisdiction, *see* 28 U.S.C. § 1338(a); *Wolfson v. Ernst*, 112 F. Supp. 3d 167, 171 (S.D.N.Y. 2015) ("Section 1338(a) provides federal courts with exclusive jurisdiction over claims arising under the copyright laws."); *cf. Renaissance Fin. Sec. Corp. v. DHB Capital Grp.,* 1997 U.S. Dist. LEXIS 20011, at *10-11 (S.D.N.Y. Dec. 15, 1997) ("abstention would not be proper in light of the exclusive federal jurisdiction provided by statute for claims properly asserted under federal securities law, viewed in the light of the need to avoid piecemeal litigation."), and where, as here, federal courts have supplemental jurisdiction over state-law claims joined with federal claims that form part of the same case or controversy, *see* 28 U.S.C. § 1367(a).  Red Apple fails to offer any reason why the Court should decline supplemental jurisdiction.

Moreover, remanding certain claims while retaining jurisdiction over other claims related to the same alleged conduct, as Red Apple urges this Court to do, would lead to piecemeal litigation, waste party and judicial resources, and risk inconsistent rulings.  *See Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 649 (S.D.N.Y. 2008) ("judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants, counsel in favor of the exercise of pendent jurisdiction" where "[p]laintiff's claims all arise from the [time] period and involve similar facts") (internal quotation omitted).

## II.     Red Apple's Claims Arise Under Federal Law and Therefore Support Removal

A plaintiff "cannot defeat removal by merely disguising a federal claim as a state law claim."  *Barnhart v. Federated Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 3631, at *11-12 (S.D.N.Y. Mar. 5, 2005) ("a plaintiff may not overcome federal jurisdiction through 'artful pleading' by attempting to ignore or disguise the fact that his claim is one over which federal courts

have original jurisdiction").  An ostensible state law claim will be deemed to arise under federal law, and therefore support removal, in at least two situations.

First, where Congress has passed a statute that completely preempts the state law claim, and provides for a federal remedy, the claim will be deemed to arise under federal law.  The Copyright Act is just such a statute.[2]  *See Melendez v. Sirius XM Radio, Inc.*, 2022 U.S. App. LEXIS 27666, at *10-11 (2d Cir. Oct. 4, 2022) ("The purpose of the Copyright Act was 'essentially to ensure a nationwide, uniform federal copyright system, [by] ousting the states from imposing any control of the area.'") (quoting *Jackson v. Roberts*, 972 F.3d 25, 42 (2d Cir. 2020); *Briarpatch Ltd., L.P. v. Phx. Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (the Supreme Court "means to extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action. The Copyright Act does just that. ….  It therefore follows that the district courts have jurisdiction over state law claims preempted by the Copyright Act."); *Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 295 (S.D.N.Y 2007) ("The complete preemption doctrine … applies to state law claims preempted by the Copyright Act.  Therefore, based on the complete preemption doctrine, district courts have jurisdiction over state law claims preempted by the Copyright Act") (citations and quotations omitted).)

Second, where a seemingly state-law claim requires interpretation of a federal statute, or seeks a remedy expressly granted by a federal statute, it will be deemed to arise under federal law. *See Bracey v. Bd. of Educ.*, 368 F.3d 108, 114 (2d Cir. 2004) ("The Supreme Court has instructed

_____

[2] Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright … and come within the subject matter of copyright … are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301.

9

that a federal question is sufficiently substantial to support federal jurisdiction if 'the vindication of a right under state law necessarily turns on some construction of federal law.'") (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)); *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 827-28 (2d Cir. 1964) (Friendly, J.) ("Even though the claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law" or where the claim seeks "a remedy expressly granted by" a federal statute).

As shown below, Red Apple's Complaint satisfies each of these grounds for removal.

### A.    Red Apple's Claims Are Preempted by the Copyright Act and Are Therefore Deemed to Arise Under Federal Law

In determining whether a state-law claim is preempted by the Copyright Act, courts in this Circuit follow the two-part test set out in *Briarpatch Ltd., L.P.*, 373 F.3d 296 (2d Cir. 2004). The claim must (1) "appl[y] to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works" and (2) "involve acts of reproduction, adaptation, performance, distribution or display" and "not include any extra elements that make it qualitatively different from a copyright infringement claim." *Id.* at 305.; *see also Melendez*, 2022 U.S. App. LEXIS 27666, at *11 (2d Cir. Oct. 4, 2022) ("In applying [Section 301 of the Copyright Act] to determine if a state law claim is preempted by the Copyright Act, courts in this circuit apply a two-part test, both parts of which must be satisfied for preemption to apply. We have referred to the first prong of this test as the 'subject matter' requirement and the second prong as the 'general scope' or 'equivalence' requirement.").

The first prong is easily met here, as Red Apple's claims apply to sound recordings of the Show, which fall squarely within the subject matter of copyright. *See* 17 U.S.C. § 102(a) (listing "sound recordings" among the works of authorship in which copyright subsists); *Melendez*, 2022

U.S. App. LEXIS 27666, at *19 (audio recording fell within the "subject matter of copyright" for preemption purposes).

The second prong is also satisfied, as Red Apple's claims involve acts of reproduction, performance and distribution, which are among the acts proscribed by the Copyright Act, *see* 17 U.S.C. § 106 (1),(3),(6), and do not involve any extra elements that makes them qualitatively different from an infringement claim.

### 1. Unjust Enrichment

Red Apple's claim for unjust enrichment is based on "the actions and conduct" alleged throughout the Complaint—namely, Defendants' alleged copying and distribution of episodes of the Show, the copyrights in which are allegedly owned by Red Apple. (Cmplt. ¶ 107). Indeed, Red Apple acknowledges that its unjust enrichment claim is based on "the use of a show that it owns[,]" which falls squarely within the ambit of the Copyright Act. (Remand Mot. at 19).

"[C]ourts in this Circuit recognize that typically, the 'Copyright Act preempts unjust enrichment claims.'" *Hines v. W. Chappell Music Corp.*, 2022 U.S. Dist. LEXIS 151760, at *3 (S.D.N.Y. Aug. 23, 2022) (quoting *Franklin v. X Gear 101, LLC*, 2018 U.S. Dist. LEXIS 122658, at *20 (S.D.N.Y. July 23, 2018)); *see also Panizza v. Mattel, Inc.*, 2003 U.S. Dist. LEXIS 17228, *10 (S.D.N.Y Sept. 30, 2003) ("The overwhelming majority of courts in this circuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted.").[3]

---

[3] *See*, *e.g., Briarpatch Ltd.*, 373 F.3d at 306 ("[P]laintiffs' unjust enrichment claim against [defendant] is preempted by the Copyright Act. Plaintiffs seek to protect their alleged interests in [the work] under the theory that [defendant] was unjustly enriched by turning [the] novel and [the] screenplay into a motion picture without compensating [plaintiff] or obtaining [plaintiff] permission."); *We Shall Overcome Found. v. Richmond Org.*, 221 F. Supp. 3d 396, 412 (S.D.N.Y. 2016) ("The acts through which the Defendants received money belonging to the Plaintiffs are only unjust if the Defendants do not own the relevant portions of a copyright. This claim's element

The cases cited by Red Apple (Remand Mot. 18-19) are readily distinguishable. The unjust enrichment claim in *Kennedy v. LaCasee*, 2017 U.S. Dist. LEXIS 113418 (S.D.N.Y. July 20, 2017) was found not to be preempted only "[t]o the extent Plaintiff seeks damages for the value of his photographs, *regardless of their use*, or for other services he allegedly provided during the period in question[.]" *id.* at *15-16 (emphasis added); *cf. id.* at *12 (collecting cases finding preemption where "plaintiffs alleged unjust enrichment arising out of the *use* of copyrighted material") (emphasis in original). As noted above, Red Apple has confirmed that its unjust enrichment claim "seeks compensation for the *use* of a show that it owns." (Remand Mot. at 19) (emphasis added).

Similarly, *Acorne Prods., LLC v. Tjeknavorian*, 33 F. Supp. 3d 175 (E.D.N.Y. 2014) (cited at Remand Mot. 19) involved a dispute between two filmmakers over ownership of their footage and related materials, not a claim for damages arising from the unauthorized use of the film. *Id.* at 183 ("the dispute involves what the parties agreed to, not the compatibility with, or interpretation of, that agreement within the context of the [Copyright] Act."). Indeed, the court in *Acorne Prods.* did not even discuss the *Briarpatch* test for copyright preemption, which is at issue here.

The fact that Red Apple now claims to have pled its unjust enrichment claim in the "alternative" (Remand Mot. 19) cannot save its remand motion. Red Apple does not—and cannot—cite any cases standing for the proposition that a claim can escape federal preemption merely because the plaintiff argues that the claim was pled in the alternative. Indeed, courts have squarely held that "a plaintiff may *not* overcome the preemptive scope of the Copyright Act merely

---

of 'enrichment,' therefore, does not create a qualitatively different claim than a claim that the Defendants do not possess a copyright.").

by arguing that an unjust enrichment claim can be pleaded in the alternative." *Hines*, 2022 U.S. Dist. LEXIS 151760, at *9 (S.D.N.Y. Aug. 23, 2022) (collecting cases) (emphasis added).[4]

## 2. Common Law Copyright

There can be no question that Red Apple's claim for common law copyright based on Defendants' alleged "copying, reproduction, distribution or broadcasting" of recordings of the Show is preempted by the Copyright Act, and therefore provides a basis for removal. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (Copyright Act's "express objective" is to create a "national, uniform copyright law by broadly pre-empting state statutory and common-law copyright regulation"); *Eliya, Inc. v. Kohl's Dep't Stores*, 2006 U.S. Dist. LEXIS 66637, at *28 (S.D.N.Y Sept. 13, 2006) ("claim of common law copyright infringement must be dismissed because it is preempted by federal copyright law"); *Patrick v Francis*, 887 F. Supp. 481, 484-85 (W.D.N.Y 1995) (recognizing that "[t]he Copyright Act completely preempts [a] common-law copyright cause of action" and finding removal to be proper on that basis).

Red Apple's informal suggestion that it will voluntarily dismiss its common law copyright claim (Remand Mot. 19 n.5) does not change this result. Even if Red Apple had formally withdrawn that claim, which it has not, removal would still be proper. "The presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal … [and] 'a post-removal amendment [of the complaint] that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction.'" *Meer Enters., LLC v. Kocak*, 2018 U.S. Dist. LEXIS 67107, at *4 (S.D.N.Y. Apr.

---

[4] *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 64 (S.D.N.Y. 2016) (cited at Remand Mot. 19) is of no help to Red Apple either, as that case did not address federal preemption at all.

20, 2018) (quoting *Gan v. Hillside Ave. Assocs.*, 2001 U.S. Dist. LEXIS 19225, at *6 (S.D.N.Y. Nov. 26, 2001)).

Red Apple's citation to *Sleppin v. Thinkscan.com LLC*, 55 F. Supp. 3d 366, 374 (E.D.N.Y. 2014) (cited at Remand Mot. 19 n.5) is inapposite. As an initial matter, the plaintiff in *Sleppin* actually filed an amended complaint, which Red Apple has not done. In any case, the court in *Sleppin* was willing to consider an amended complaint filed after removal only because the complaint was amended for substantive reasons, not to defeat federal jurisdiction and thereby engage in forum shopping. Here, by contrast, forum shopping is *precisely* why Red Apple purports to withdraw its common law copyright claim, as Red Apple offers no other rationale for doing so.

### 3. Conversion

Red Apple's conversion claim is equivalent to a copyright infringement claim, as it is not based on any theft of property to the exclusion of Red Apple, but on Batchelor having allegedly "misappropriated the content and material prepared for [the] Show, and caused it to be distributed and broadcast as podcasts by Audioboom, or on his own website" (Cmplt. ¶ 93). "[C]ourts within this district have previously concluded that conversion claims are preempted when the defendants are said to be exploiting and infringing rights that are those of a copyright holder." *Baiul v. NBC Sports*, 2016 U.S. Dist. LEXIS 52291, at *32 (S.D.N.Y. Apr. 19, 2016); *Stanacard, LLC v. Rubard, LLC*, 2016 U.S. Dist. LEXIS 15721, at *58 (S.D.N.Y. Feb. 3, 2016) (conversion claim preempted where there is no allegation that copied materials were taken to the "exclusion of the rightful possessor"); *see, e.g.*, *New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 411 (S.D.N.Y. 2019) (conversion claim alleging that defendants "converted the computer hardware, software, and intellectual property of [plaintiff] for their own use" preempted by Copyright Act).

Red Apple once again asks the Court to ignore the allegations in its Complaint, and to instead believe that the conversion claim is based on a provision in Batchelor's 2012 agreement

preventing the disclosure of "secret or confidential information, knowledge or data." (Remand Mot. 5-6, 17.) However, there is no mention whatsoever of that contractual provision in the Complaint, and it therefore cannot be considered on this motion. *See Altman-Gubernikoff*, 2021 U.S. Dist. LEXIS 52207, at *3 n.6 (S.D.N.Y. Mar. 19, 2021) (courts will "not consider the additional facts alleged in Plaintiffs' briefs" on motions to remand).

Moreover, Red Apple fails to explain how any purported breach of contract could support a theory of conversion, which is not based on violation of an agreement, but on one party's wrongful exercise of dominion over property owned by another. *See St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 178 (E.D.N.Y. 2010) ("The two elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights."). Nor does Red Apple explain how a contractual prohibition on disclosure of "confidential information, knowledge or data" could possibly apply to recordings made for public broadcast on the radio.

Red Apple's reliance on *Reach Glob., Inc. v. Rindenhour*, 2020 U.S. Dist. LEXIS 82506 (S.D.N.Y. May 10, 2020) is misplaced, as the conversion claim at issue there "d[id] *not* involve 'acts of reproduction, adaptation, performance, distribution or display[.]" *id.* at *6 (quoting *Briarpatch Ltd.*, 373 F.3d at 305) (emphasis added). Here, by contrast, Red Apple's conversion claim is based on the allegation that Batchelor "*copied* a substantial amount of the … material produced for the [] Show that is owned by Plaintiff" and that he "caused it to be *distributed* and *broadcast* as podcasts by Audioboom, or on his own website" (Cmplt. ¶ 93) (emphasis added). Indeed, *Reach Glob., Inc.* expressly *distinguished* cases finding preemption where, as here, the "plaintiff [alleged] that the defendants wrongfully reproduced his computer program without his permission, the essence of a claim for copyright infringement." *Reach Glob., Inc.*, 2020 U.S. Dist.

LEXIS 82506, at *3  (citing *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001)) (internal quotations omitted).

### 4.    Declaratory Judgment

Red Apple's declaratory judgment claim mirrors a claim under the Copyright Act, as it alleges that there is "an actual controversy with respect to whether defendants had the right to copy, distribute, and broadcast the content of the [] Show" and it seeks a declaration that "that the material and intellectual property that is the subject of this action is owned exclusively by Plaintiff as a 'work made for hire,' and that defendants had no right whatsoever to copy, distribute, or broadcast it …." (Cmplt. ¶¶ 137, 138.)  Red Apple's declaratory judgment claim will therefore require the Court to construe the "work for hire" provisions of the Copyright Act, and to determine whether Defendants infringed Red Apple's alleged copyrights in the Show.

Indeed, there is a substantial dispute as to whether recordings of the Show will qualify as "works made for hire" under the Copyright Act as Red Apple claims.  Such a finding requires that—irrespective of whether there is an agreement between the parties—the work either be (i) "prepared by an employee within the scope of his or her employment" or (ii) "specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas"—categories that do *not* include sound recordings.  17 U.S.C. § 101 (definition of "work made for hire"); *see* 1 Nimmer on Copyright § 5.03 (2022) (discussing whether sound recordings qualify as works made for hire under the Copyright Act).

Courts have held declaratory judgment claims preempted where, as here, the plaintiff seeks a declaration that requires interpretation of the Copyright Act, or a declaration that the defendants infringed its copyrighted works.  *See Briarpatch Ltd.*, 373 F.3d at 307 ("Plaintiffs' declaratory

judgment claim against [defendant] is preempted. The analysis here is even more straightforward, since that cause of action simply seeks a declaration that [defendant] has no rights in [the work at issue] . . . Further, plaintiffs' theory appears to be that [it] owned the rights to turn the novel and the screenplay into a motion picture, and [defendant] never lawfully acquired these rights. In other words the claim focuses solely on the adaptation rights protected under [17 U.S.C.] § 106(2)."); *cf. We Shall Overcome Found.*, 221 F. Supp. 3d at 411 ("a claim for declaratory judgment regarding exclusive rights within the scope of copyright is equivalent to a copyright claim, and thus is preempted").

The cases Red Apple cites (Remand Mot. 15-16) are all distinguishable. *Acorne Productions*, 33 F. Supp. 3d at 183, involved a dispute over ownership of film footage, and did not require construction of the "work for hire" provision of the Copyright Act or involve a request for a declaration that the defendants lacked the right to copy, distribute or broadcast the footage, as Red Apple's Complaint does here. In *Sleppin*, the defendants sought "a judgment that [they] did not owe Thinkscan fiduciary duties of loyalty and honesty" which finds no analogue here. Red Apple does not (and cannot) allege that Defendants Audioboom, Weiss Agency and Cohen owed any fiduciary duties to Red Apple, and, in any event, Red Apple expressly seeks a declaratory judgment under the "work for hire" provision of the Copyright Act, and that all Defendants unlawfully copied, distributed and broadcast—*i.e.*, infringed—recordings of the Show. And in *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 825 (2d Cir. 1964), unlike here, "neither [defendant] had used or threatened to use the copyrighted material."

### 5. Accounting

Red Apple's claim for an accounting is equivalent to a claim for damages for copyright infringement, as it seeks an accounting of the revenue earned by Defendants from "distribution of

the podcasts and other use of materials produced by the [] Show in violation of Plaintiff's rights as owner of the intellectual property in question." (Cmplt. ¶ 116).

Courts have found similar claims to be preempted by the Copyright Act. *See Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 233 (S.D.N.Y 2009) ("Plaintiffs also assert the claim for accounting in connection to the unauthorized use of copyrightable work. However, accounting claims based primarily on copyright infringement do not satisfy the 'extra element' test and are preempted") (quotations omitted); *Baiul*, 2016 U.S. Dist. LEXIS 52291, at *33 (accounting claim preempted where it was based on the allegation that "[plaintiff] has been deprived of royalties to which she is entitled based on [defendant's] use and exploitation of motion picture recordings of her performance. The Court is persuaded by the reasoning of numerous courts that claims for accounting based on the defendant's alleged misappropriation and exploitation of a copyrighted work are preempted by the Copyright Act.").

Once again, the cases Red Apple cites are distinguishable. In *Sleppin*, 55 F. Supp. 3d at 377, the plaintiff alleged that the defendants owed it fiduciary duties. Here, Red Apple does not (and cannot) allege that Audioboom owed it any fiduciary duties, yet it seeks an accounting from Audioboom based on its allegedly unauthorized use of copyrighted sound recordings. In *Reach Global, Inc.*, 2020 U.S. Dist. LEXIS 82506, at *2, the accounting claim was brought "pursuant to the provisions of one of the underlying contracts," not based on allegedly unauthorized copying and distribution of copyrighted works, as here. And *Acorne Prods.*, 33 F. Supp. 3d 175, involved a dispute over ownership of film footage, not an accounting based on unauthorized copying and distribution of the film.

### 6.  Breach of Contract

Red Apple alleges that Batchelor breached his agreement with its predecessor when he (i) entered agreements with Audioboom "based on the falsehood that he owned the Show's content,"

(ii) "authorized Audioboom to distribute podcasts of the [] Show containing content and material produced for the Show that is owned by Plaintiff," (iii) "copyi[ed] a large amount of data … containing the contents of material produced over the years for the [] Show," and (iv) "illegally posted some of that content on his website[.]"  (Cmplt. ¶¶ 61, 64.)  Similarly, Red Apple alleges that Audioboom and the Weiss Agency breached their supposed contracts with Red Apple[5] by failing to pay Red Apple for "distributing podcasts of the [] Show." (*Id.* at ¶ 69.)

Where, as here, the contractual promise that was allegedly breached "amounts only to a promise to refrain from reproducing, performing, distributing or displaying the work, then the contract claim is preempted." *MLGenius Holdings LLC v. Google LLC*, 2022 U.S. App. LEXIS 6206, at *9-10 (2d Cir. March 10, 2022); *see also Genius Media Grp. v. Google LLC & Lyricfind*, 2020 U.S. Dist. LEXIS 173196, at *23 (E.D.N.Y. Aug. 10, 2020) ("'a breach of contract claim is preempted if it is merely based on allegations that the defendant did something that the copyright laws reserve exclusively to the plaintiff (such as unauthorized reproduction, performance, distribution, or display).'") (quoting *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926 (S.D.N.Y. 1996)), *aff'd*, 2022 U.S. App. LEXIS 6206 (2d Cir. March, 10 2022).

Furthermore, where, as here, "Plaintiffs allege nothing more than that the Defendants breached their contracts with the Plaintiffs because the Defendants 'implicitly represented and warranted that they own the copyrights to the Song as licensed therein,'" the breach of contract claim will be preempted.  *See We Shall Overcome Found.*, 221 F. Supp. 3d at 412-13; *see also Saint-Amour v. The Richmond Org., Inc.*, 388 F. Supp. 3d 277, 291 (S.D.N.Y. 2019) (same).

---

[5] Red Apple was neither a party to, nor an intended third-party beneficiary of, Audioboom's agreements with Batchelor, though the Court can deny Red Apple's remand motion without reaching that issue.

Red Apple attempts to recast its claims for breach of contract against Batchelor as alleging that he illegally copied "documents and other materials" belonging to Red Apple, which supposedly violated the provision of Batchelor's 2012 agreement prohibiting him from "us[ing] for yourself or others any secret or confidential information, knowledge or data." (Remand Motion at 5-6.)  As discussed above, that allegation is not contained anywhere in the Complaint and it must therefore be disregarded, *see Altman-Gubernikoff*, 2021 U.S. Dist. LEXIS 52207, at *3 n.6, and Red Apple fails to explain how a provision related to *confidential* information applies to recordings for a radio show that was aired to the *public*.

The cases Red Apple cites (Remand Mot. 7-9) are all inapposite, as none involved claims for breach of contract based on allegations of unauthorized copying and distribution of copyrighted works, or entering license agreements based on misrepresentation of ownership of copyright.  *See Acorne Productions*, 33 F. Supp. at 180, 183 (copyright ownership dispute that depended solely on interpretation of the parties' contract); *Estate Examinations Co. v. ECG Enters.*, 2006 U.S. Dist. LEXIS 81478, at *14 (E.D.N.Y. Nov. 7, 2006) ("plaintiff is not alleging that defendant engaged in unauthorized reproduction or distribution of the source code, nor is plaintiff arguing that its status as an author entitles plaintiff to ownership"); *Keith v. Scruggs*, 507 F. Supp. 968, 969-70, 971 (S.D.N.Y. 1981) (dispute involved claim of copyright ownership solely under parties' contract).

*Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) actually supports Defendants' position, as it *upheld* the exercise of federal jurisdiction, where, as here, resolution of the contract claim required interpretation of an (albeit different) provision Copyright Act.  Similarly, the court in *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996) *upheld* federal jurisdiction where plaintiffs were "seeking to establish their rights to copyright co-ownership because of their status as co-

authors of a joint work" under the provisions of the Copyright Act, just as Red Apple seeks to establish its ownership under the "work for hire" provisions of the Copyright Act. And *Sharp v. Patterson*, 2004 U.S. Dist. LEXIS 22311, at *23 (S.D.N.Y. Nov. 3, 2004) recognized that breach of contract claims are preempted where, as here, they "seek to vindicate the same rights as the Copyright Act affords, 'such as unauthorized reproduction, performance, distribution, or display.'") (quoting *Am. Movie Classics Co.*, 922 F. Supp. at 931)).

### 7.     Aiding and Abetting

Red Apple claims Audioboom, the Weiss Agency and Cohen "knew that Batchelor did not have the lawful right to allow podcasts of the [] Show to be distributed," yet "provided substantial assistance to Batchelor" in "allow[ing] podcasts of the [] Show to be distributed by Audioboom based on the false assertion that Batchelor owns the Show's contents." (Cmplt. ¶¶ 122, 123.)

Because the conduct that those Defendants are alleged to have assisted constitutes nothing more than the unauthorized distribution of copyrighted works, Red Apple's aiding and abetting claim is the equivalent of a claim for contributory copyright infringement, and is therefore preempted. *See Klauber Bros., Inc. v. QVC, Inc.*, 2020 U.S. Dist. LEXIS 223308, at *8 (S.D.N.Y. Nov. 30, 2020) (a defendant is liable for contributory infringement of copyright when it "(1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement") (citing *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011)); *see, e.g.*, *Kinsley v. Udemy, Inc.*, 2021 U.S. Dist. LEXIS 62885, at *19 (N.D. Cal. Mar. 31, 2021) (aiding and abetting claim preempted, where defendants allegedly "produced and distributed [plaintiff's] copyrighted works from which it derives 'direct monetary gain.'").

Unlike the aiding and abetting claims in *Wolfson*, 112 F. Supp. 3d at 169 and *Gunn v. Minton*, 568 U.S. 251, 254 (2013) (cited at Remand Mot. 13-14), Red Apple's claim does not

allege that Defendants aided the commission of any fraud or malpractice against Red Apple,[6] but rather the unauthorized reproduction of copyrighted recordings.[7]

### III.    Red Apple's Claims Require Construction of the Copyright Act and Seek Remedies Granted by the Copyright Act

In addition to preemption under Section 301 of the Copyright Act, seemingly state-law claims will be deemed to arise under the Copyright Act, and the action is therefore properly removed to federal court, where the plaintiff seeks "a remedy expressly granted by the Act, e.g. a suit for infringement or for the statutory royalties for record reproduction" or where a claim is asserted "requiring construction of the [Copyright] Act." *T.B. Harms Co. v. Eliscu*, 339 F.2d at 828. Red Apple's claims trigger both of those grounds for federal jurisdiction.

First, Red Apple repeatedly claims to own recordings of the Show under the "work for hire" provisions of the Copyright Act. (Cmplt. ¶¶ 1, 12, 25, 27, 30, 38, 45, 48, 51, 62, 91, 101, 138.) Although Red Apple now tries to distance itself from those allegations, arguing it "is not alleging that it owns the [] Show and its content by virtue of the Copyright Act's "work for hire" doctrine" (Remand Mot. 9), the actual allegations in Red Apple's Complaint show that it is doing exactly that. *See Vera*, 335 F.3d at 116 n.2 (courts reject efforts by plaintiffs to "disavow or at least minimize" allegations in the complaint that give rise to federal jurisdiction). Indeed, Red

---

[6] Nor could Red Apple allege that Audioboom, the Weiss Agency or Cohen aided Batchelor in defrauding Red Apple, as Batchelor's representation that he owned the rights to the Show was made to *Audioboom*—not Red Apple—and Red Apple alleges that it was not even aware of Batchelor's agreements with Audioboom. (Cmplt. ¶¶ 25, 32, 37, 126) ("Batchelor engaged in fraud and misrepresentations when he falsely stated in the 2019 and 2020 Audioboom Agreements that he had the right to permit Audioboom to distribute podcasts of the [] Show").

[7] Audioboom reserves the right to argue that other claims asserted by Red Apple are preempted or otherwise fail to state a claim.

Apple goes so far as to seek a declaration "that the material and intellectual property that is the subject of this action is owned exclusively by Plaintiff as a 'work made for hire[.]'" (*Id.* at ¶ 138.)[8]

Where, as here, the plaintiff claims to own a copyrighted work as a "work for hire," the claim requires construction of the Copyright Act and will therefore confer federal jurisdiction. *See Rx Data Corp. v. Dep't of Soc. Servs.*, 684 F.2d 192, 196 n.1 (2d Cir. 1982) ("Whether NYDSS has title to the copyrights because they are found to be 'works made for hire' under 17 U.S.C. §§ 101, 201(b) would be a question of federal law requiring an interpretation of the Copyright Act."); *Merchant*, 92 F.3d at 56 (where plaintiff alleges ownership "based on the 'work for hire' doctrine, … [t]he resolution of these arguments involves construing the [Copyright] Act."); *DeCarlo v. Archie Comic Publ'ns*, 127 F. Supp. 2d 497, 505 (S.D.N.Y. 2001) (denying motion to remand where plaintiff's claim of ownership required construction of Copyright Act's work-for-hire provisions); *cf. Barnhart*, 2005 U.S. Dist. LEXIS 3631, at *13 (S.D.N.Y. Mar. 5, 2005) ("The Complaint alleges that 'the Songs are not works for hire,' a conclusion that would require the interpretation of the term 'works-for-hire' and its corresponding provisions under the Copyright Act. …. Because the plaintiff's claims require construction of the Copyright Act and therefore arise under that Act, the motion to remand based on lack of subject matter jurisdiction is denied.").

The fact that Red Apple relies on work for hire language in Batchelor's 2012 contract with Red Apple's predecessor does not change the analysis. In the absence of a traditional employment relationship, which Red Apple does not allege, such contractual language is necessary, but not

---

[8] This case is therefore distinguishable from *Estate Examinations Co.*, 2006 U.S. Dist. LEXIS 81478, at *3, 10-11 (cited at Remand Mot. 8-9), where the plaintiff was "alleging breach of contract and seeking return of the source code developed by defendant" and "[t]hough plaintiff could have asserted an argument that it is entitled to ownership based on the 'work for hire' doctrine, plaintiff instead relies exclusively on the contract in an effort to establish ownership."). As noted above, Red Apple seeks a declaration of ownership through the "work for hire" doctrine.

sufficient, for works to qualify as being made for hire under the Copyright Act. *See* 17 U.S.C. §

101 (definition of "work made for hire"). To establish work for hire, Red Apple must also satisfy

the elements under the Copyright Act. (*Id.*) And, as discussed above, *supra* 16, there is a

substantial question as to whether recordings of the Show can qualify as works made for hire,

given that sound recordings are not among the among the types of works that qualify as specially

commissioned works made for hire.[9]

Second, Red Apple's Complaint seeks relief provided by the Copyright Act—namely, a

declaration of "work for hire" ownership, and an accounting of Defendants' revenues from the

allegedly unauthorized copying and distribution of episodes of the Show. (Cmplt ¶ 117) (seeking

an accounting "for all money earned by [Audioboom] *from misuse of Plaintiff's intellectual

property* and/or paid to the Weiss Agency or to Batchelor) (emphasis added); (*id.* at ¶ 138) (seeking

"a declaratory judgment from the court that the material and intellectual property that is the subject

of this action is owned exclusively by Plaintiff as a 'work made for hire'"). Red Apple's claims

are therefore deemed to arise under the Copyright Act. *See DeCarlo*, 127 F. Supp. 2d at 504-505

(denying motion for remand and finding that plaintiff's claims for "a declaration of ownership"

and "an accounting with respect to infringing uses," arise under the Copyright Act).[10]

## CONCLUSION

Defendants need only show that one of the claims in Red Apple's Complaint is either

preempted by, or requires construction of, the Copyright Act, for federal jurisdiction to attach. As

---

[9] Notably, there are distinct advantages to owning a work as a "work for hire" rather than simply
through a contractual transfer, including a potentially longer term of protection, *see* 17 U.S.C. §
302(b),(c), and the fact that works made for hire are immune from termination by the author, *see*
17 U.S.C. § 203(a) (providing for termination of transfers of copyright "[i]n the case of any work
*other than* a work made for hire") (emphasis added); 17 U.S.C. § 304(c) (same).

[10] Because removal was entirely proper, there is absolutely no basis for Red Apple's request for
attorneys' fees. (Remand Mot. 22.)

shown above, nearly all of Red Apple's claims satisfy those tests. This action was therefore properly removed to this Court, and Red Apple's motion to remand should be denied.

Dated: New York, New York
October 7, 2022

LOEB & LOEB LLP

By: _s/ Tal Dickstein_
Tal Dickstein
345 Park Avenue
New York, NY 10154
tdickstein@loeb.com
Tel.: 212.407.4963
*Attorneys for Audioboom Limited*

22811052