UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RED APPLE MEDIA, INC.,

                                                   Case No. 1:22-cv-07547-JSP

                  Plaintiff,

    -against-

JOHN BATCHELOR, UNION RIVER
PRESS, INC. AUDIOBOOM LIMITED, THE
WEISS AGENCY, INC., and HEATHER COHEN,

                  Defendant.
------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND BY DEFENDANTS JOHN BATCHELOR, UNION RIVER PRESS, INC.,
<u>THE WEISS AGENCY, INC., AND HEATHER COHEN</u>**

**ROMANO LAW PLLC**

55 Broad Street, 18th Floor
New York, New York 10004

*Attorneys for Defendants John Batchelor, Union River Press, Inc.,
The Weiss Agency, Inc., and Heather Cohen*

## TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

RELEVANT PROCEDURAL HISTORY ............................................................................... 2

RELEVANT FACTS AND ALLEGATIONS.......................................................................... 3

ARGUMENT ......................................................................................................................... 6

I.    EXCLUSIVE FEDERAL JURISDICTION OVER COPYRIGHT ACT CLAIMS IS A "BEDROCK" FEDERALISM PRINCIPLE REQUIRING DENIAL OF PLAINTIFF'S REMAND MOTION.................................................................................................. 6

II.   THE CONTROLLING STANDARD APPLICABLE TO REMOVAL REQUIRES DENIAL OF PLAINTIFF'S REMAND MOTION ................................................... 7

III.  COPYRIGHT PREEMPTION CONFERS JURISDICTION,  AND THE COURT MUST DENY PLAINTIFF'S MOTION ............................................................... 9

IV.   *ALL* OF PLAINTIFF'S CLAIMS ARE PREEMPTED AND PLAINTIFF'S REMAND MOTION MUST BE DENIED.......................................................... 11

    A.   Plaintiff's Sixth and Twelfth Claims for Common Law Copyright Infringement and Declaratory Judgment are Preempted........................................................... 12

    B.   Plaintiff's First through Fourth Contract Claims are Preempted.............................. 12

    C.   Plaintiff's Fifth Claim for Conversion is Preempted.................................................. 15

    D.   Plaintiff's Seventh Claim for Unjust Enrichment is Preempted................................ 17

    E.   Plaintiff's Eighth, Ninth, Tenth, and Eleventh Claims for Fiduciary, Accounting, Aiding and Abetting, and Fraud are Preempted ............................................................. 18

V.    PLAINTIFF'S CONTENTIONS FAIL TO SAVE ITS MOTION BECAUSE PLAINTIFF MISCONSTRUES COPYRIGHT PREEMPTION LAW ................... 21

CONCLUSION.................................................................................................................... 23

## **TABLE OF AUTHORITIES**

**Cases**

*Acorne Prods., LLC v. Tjeknavorian*
 33 F. Supp. 3d 175 (E.D.N.Y. 2014) ........................................................................ 22

*AMF Inc. v. Algo Distributors, Ltd.*
 369 N.Y.S.2d 460 (2d Dep't 1975) .......................................................................... 16

*Archie MD, Inc. v. Elsevier, Inc.*
 2017 WL 3421167 16-cv-6614 (JSR) (S.D.N.Y. March 13, 2017) ..................... 11, 13

*Barclays Cap. Inc. v. Theflyonthewall.com, Inc.*
 650 F.3d 876 (2d Cir. 2011) ................................................................................ 11, 19

*Barnhart v. Federated Dep't Stores, Inc.*
 No. 04 Civ. 3668 (JGK), 2005 WL 549712 (S.D.N.Y Mar. 8, 2005) ....................... 21

*Beneficial National Bank v. Anderson*
 539 U.S. 1 (2003) ....................................................................................................... 9

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*
 373 F.3d 296 (2d Cir. 2004) .............................................................................. passim

*Broder v. Cablevision Sys. Corp.*
 418 F.3d 187 (2d Cir. 2005) ...................................................................................... 8

*Cmty. for Creative Non-Violence v. Reid*
 490 U.S. 730, 740 (1989) ........................................................................................... 6

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*
 982 F.2d 693 (2d Cir. 1992) ...................................................................................... 22

*DeCarlo v. Archie Comic Publ'ns, Inc.*
 127 F. Supp. 2d 497 (S.D.N.Y. 2001) ........................................................................ 7

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*
 631 F.3d 42 (2d Cir. 2011) ....................................................................................... 14

*Est. Examinations Co. v. ECG Enterprises, Inc.*
 No. 06-CV-3024 (JFB), 2006 WL 3248003 (E.D.N.Y. Nov. 7, 2006) ...................... 22

*Fed. Ins. Co. v. Tyco Int'l Ltd.*
    422 F. Supp. 2d 357 (S.D.N.Y. 2006) ........................................................................ 8

*Fischkoff v. Iovance Biotherapeutics, Inc.*
    339 F. Supp. 3d 408 (S.D.N.Y. 2018) ................................................................. 16, 17

*Forest Park Pictures v. Universal Television Network, Inc.*
    683 F.3d 424 (2d Cir. 2012) .................................................................................... 11

*Genius Media Grp. Inc.*
    No. 19-CV-7279 (MKB), 2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020) .............................. 13

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*
    545 U.S. 308 (2005) ................................................................................................ 19

*Harper & Row, Publrs., Inc.*
    723 F.2d 195 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985)...................... 15, 16

*Hirsch v. Stellar Mgmt.*
    50 N.Y.S.3d 68 (1st Dep't 2017) ............................................................................. 20

*Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*
    476 F. Supp. 2d 291 (S.D.N.Y. 2007) ................................................................. 11, 19

*Jackson v. Roberts (In re Jackson)*
    972 F.3d 25 (2d Cir. 2020) ...................................................................................... 10

*Jasper v. Bovina Music Inc.*
    314 F.3d 42 (2d Cir. 2002) ...................................................................................... 21

*Jones v. Ford Motor Credit Co.*
    358 F.3d 205 (2d Cir. 2004) ...................................................................................... 9

*Kennedy v. LaCasse*
    No. 17-CV-2970 (KMK), 2017 WL 3098107 (S.D.N.Y. July 20, 2017) .............................. 22

*Kirschner v. Klemons*
    225 F.3d 227 (2d Cir. 2000) ...................................................................................... 9

*Krause v. Titleserv, Inc.*
    402 F.3d 119 (2d Cir. 2005) ...................................................................................... 10

*Melendez v. Sirius XM Radio, Inc.*
  No. 21-1769-CV, 2022 WL 4841360, *4 (2d Cir. Oct. 4, 2022)............................................. 10

*MLGenius Holdings LLC v. Google LLC*
  No. 20-3113, 2022 WL 710744, *2 (2d Cir. Mar. 10, 2022)..................................................... 10

*New London Assocs., LLC v. Kinetic Soc. LLC*
  384 F. Supp. 3d 392 (S.D.N.Y. 2019)..................................................................................... 17

*Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*
  112 F. Supp. 3d 83 (S.D.N.Y. 2015)....................................................................................... 15

*Panizza v. Mattel, Inc.*
  No. 02 Civ. 7722 (GBD), 2003 WL 22251317, *4 (S.D.N.Y. Sept. 30, 2003) ................... 6, 17

*Planetarium Travel, Inc. v. Whitehouse Travel Co.*
  No. 97 CIV. 2186 (LMM), 1998 WL 85796 (S.D.N.Y. Feb. 27, 1998) .................................. 20

*Reach Glob., Inc. v. Ridenhour*
  No. 20 CIV. 391 (AKH), 2020 WL 2319176 (S.D.N.Y. May 10, 2020)................................... 22

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*
  659 F.3d 234 (2d Cir. 2011)..................................................................................................... 8

*Sharp v. Patterson*
  No. 03 Civ 8772 (GEL), 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) ............................ 21, 22

*Stanacard, LLC v. Rubard, LLC*
  2016 WL 462508, *20-21 (S.D.N.Y. Feb. 3, 2016).................................................... 16, 17, 18

*Synovus Bank of Tampa Bay v. Valley Nat'l Bank*
  487 F. Supp. 2d 360 (S.D.N.Y. 2007)..................................................................................... 14

*Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754 (2d Cir.), *cert. denied*, 479 U.S. 885 (1986)..... 7

*Treglia v. Town of Manlius*
  313 F.3d 713 (2d Cir. 2002)..................................................................................................... 8

*United Mine Workers of America v. Gibbs*
  383 U.S. 715 (1966) ................................................................................................................. 9

*Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*
  924 F.3d 32 (2d Cir. 2019)..................................................................................................... 10

iv

*Urbont v. Sony Music Entm't*
   831 F.3d 80 (2d Cir. 2016) ................................................................ 10

*Vera v. Saks & Co.*
   335 F.3d 109, 116 n.2 (2d Cir. 2003) ................................................ 8

*Wolfson v. Ernst*
   112 F. Supp. 3d 167 (S.D.N.Y. 2015) ........................................ 19, 22

## Statutes

17 U.S.C. § 10 (1976) (repealed 1978) ................................................ 6

17 U.S.C. § 101 ............................................................................... 12, 13

17 U.S.C. § 102 ................................................................................. 1, 11

17 U.S.C. § 106 ...................................................................................... 1

17 U.S.C. § 201 .................................................................................... 12

17 U.S.C. § 301 ....................................................................... 1, 6, 7, 11

17 U.S.C. §106 ....................................................................... 3, 11, 12

28 U.S.C. § 1367 ................................................................................ 8, 9

28 U.S.C. § 1441 .................................................................................... 7

28 U.S.C. §1338 ............................................................................... 6, 8

Fed. R. Evid. 201(b)……………………………………………………3

Fed. R. Civ. P. 41 .................................................................................. 8

Fed. R. Civ. P. 9 .................................................................................. 20

New York's Civil Practice Law and Rules § 3016 ............................. 20

## Other Authorities

H.R. REP. 94-1476, 2ND SESS., *as reprinted in* 1976 U.S.C.C.A.N. 5659 (1976) ..................... 6, 7

Defendants John Batchelor ("Batchelor"), Union River Press, Inc. ("Union River"), The Weiss Agency ("Weiss") and Heather Cohen ("Cohen") respectfully submit this memorandum in opposition to Plaintiff Red Apple Media, Inc.'s ("Plaintiff")'s motion to remand.

## PRELIMINARY STATEMENT

This is a dispute about the copying, distribution, and performance broadcast of "The John Batchelor Show."  Verified Complaint, Dkt. 1-1 (hereinafter, "Verified Complaint") at ¶¶ 1, 2, 18, 20, 22, 25, 27, 29, 30, 32, 34, 40, 42, 43, 45, 46, 49, 51, 54, 61, 64, 69, 72–73, 78, 82–85, 93–95, 102–103, 111, 116–118, 120, 122, 126, 128, 137–138.  In sum, Plaintiff alleges that it is the copyright owner of The John Batchelor Show due to "work made for hire" agreements with Batchelor.  Verified Complaint at ¶¶ 12, 58, 91.  Plaintiff further alleges that in 2019, Batchelor gave Defendant Audioboom "the right to distribute and broadcast the podcasts" supposedly without Plaintiff's consent.  Verified Complaint at ¶ 22.  Plaintiff also alleges that Batchelor impermissibly "copied a substantial amount of the data" relating to The John Batchelor Show. Verified Complaint at ¶ 94. Plaintiff then pleads various state law claims to enforce its rights over copying, distribution, and performance of The John Batchelor Show.

The John Batchelor Show is a sound recording subject to copyright protection under the federal Copyright Act.  17 U.S.C. § 102(a)(7) (protecting "sound recordings").  The copying, reproduction, distribution, and digital broadcast rights Plaintiff seeks to enforce arise under the Copyright Act.  17 U.S.C. § 106 (1), (3), and (6).  Therefore, Plaintiff's state law claims are preempted by Section 301 of the Copyright Act, which unambiguously states that "all legal or equitable rights" flowing from the Copyright Act are "governed exclusively" by federal law, and "no person is entitled to any such right or equivalent right . . . under the common law or statutes of any State."  17 U.S.C. § 301(a), "Preemption with respect to other laws."  The Second Circuit

1

has repeatedly affirmed the continuing force of copyright preemption over state law claims.  *See, e.g.*, *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-304 (2d Cir. 2004) (unjust enrichment claim deriving from "adaptation" right preempted).

Nonetheless, Plaintiff filed its Complaint in New York State Court, alleging "Common Law Copyright Infringement" and related claims.  Defendants removed, and Plaintiff now seeks to remand these claims to State Court.  Plaintiff's Verified Complaint hides behind the fig leaf of its contract with Batchelor, seeking damages "to exceed $1,000,000."  However, Plaintiff does not even attempt to allege these damages flow from any contract provision, because they do not.  The only promise to pay in these contracts is *Plaintiff's promise to pay Batchelor.*  In reality, Plaintiff's damages are based on nothing except Plaintiff's desire to have a million dollars.  Regardless, as alleged, these damages flow from Federal Copyright Act rights, not any contract.

To be clear, the Court need not address the merits of Plaintiff's claims to deny Plaintiff's motion.  Defendants can easily show that Plaintiff's case is a silly fabrication driven by anger and jealousy that well-known radio host John Batchelor snubbed WABC to pursue a better contract and working environment at CBS.  At this stage of the litigation, Plaintiff may be permitted to abuse judicial and party resources on a concocted copyright dispute.  But in so doing, Plaintiff cannot defy Congress and controlling Second Circuit precedent to force this dispute into a State forum.  Plaintiff's Verified Complaint plainly seeks to enforce copying, reproduction, distribution, and broadcast rights.  By its remand motion, Plaintiff asserts that these rights can be adjudicated in State Court.  They cannot, and this Court must deny Plaintiff's motion.

## RELEVANT PROCEDURAL HISTORY

On July 29, 2022, Plaintiff commenced this action against Batchelor, Union River, Weiss, Cohen, and Audioboom Limited ("Audioboom"), by filing a Summons and Verified Complaint in the New York State Supreme Court, County of New York.  *See* Dkt. 1-1.  On September 2, 2022

Defendant Audioboom timely removed this case to Federal Court with all other Defendants' consent.  *See* Dkt. 1.

On September 7, 2022, following a conference with counsel, the Court entered a scheduling order directing Plaintiff to file its remand motion by September 15, 2022, and Defendants to file opposition by September 22, 2022.  On September 16, 2022 Plaintiff asked for a nunc pro tunc extension of its time to serve a motion to remand.  The court entered a modified scheduling order, allowing Plaintiff until September 23, 2022, to file its motion and Defendants until October 7, 2022, to oppose.  Plaintiff made its remand motion, and this opposition follows.

## RELEVANT FACTS AND ALLEGATIONS

Defendant John Batchelor is an American author and radio host.  He has been a radio broadcaster since 2001, where he started broadcasting on WABC, eventually hosting The John Batchelor Show.  In 2021, after a corporate reorganization at WABC, Batchelor signed a contract with CBS airing The New John Batchelor Show, which eventually became "Eye on the World," broadcast through CBS Audio Network on the flagship station New York's 710 WOR.[1]

Plaintiff's Verified Complaint alleges claims based on purported violations of copying, distribution, and performance rights of The John Batchelor Show.  These rights arise from the Copyright Act.   17 U.S.C. §106(1), (2), (6) (granting exclusive rights "to reproduce the copyrighted work in copies," to "distribute copies," and "to perform the work publicly," including for sound recordings, by digital audio transmission).  Plaintiff's Verified Complaint is so replete with references to Copyright Act that quoting those paragraphs in full would require reciting nearly the entire Verified Complaint verbatim as shown below:

---

[1] These are generally known facts about Batchelor capable of judicial notice under Fed. R. Evid. 201(b)(1).

| Para. | Copyright Rights | Para. | Copyright Rights | Para. | Copyright Rights |
|---|---|---|---|---|---|
| 1 | "wrongfully distributed and broadcast" | 46 | "no lawful right to copy" "by distributing and broadcasting" | 93 | "caused it to be distributed and broadcast" |
| 2 | "conveyed the right to distribute" | 49 | "revenue earned . . . from distribution" | 94 | "wrongfully and illegally copied" |
| 18 | "were distributed and aired by" | 51 | "illegally copied" | 95 | "converted material that he copied" |
| 20 | "distribute podcasts" | 54 | "whereby it distributed podcasts" "illegal copying" | 102 | "copy, reproduce, distribute, or broadcast" |
| 22 | "distributed by" "the right to distribute and broadcast" | 61 | "authorized Audioboom to distribute" "material to be distributed" | 103 | "the copying, reproduction, distribution, and broadcasting" |
| 25 | "authorizing Audioboom to distribute podcasts" | 64 | "copying . . . illegally" | 111 | "breached his fiduciary duty by distributing" |
| 27 | "and distribute podcasts" | 69 | "for distributing podcasts" | 116 | "earned…..from distribution of the podcasts" |
| 29 | "for distribution of" | 72 | "from distributing podcasts" | 117 | "earned from distribution" |
| 30 | "no lawful right to . . . distribute podcasts" | 73 | "an active participant in the distribution" | 118 | "role in the distribution" "podcasts distributed" |
| 32 | "by authorizing Audioboom to distribute podcasts" | 78 | "revenue earned from distribution" | 120 | "earned from distribution, broadcast, or use" |
| 34 | "podcasts distributed" | 82 | "distributing or broadcasting" | 122 | "lawful right to allow podcast . . . to be distributed" |
| 40 | "illegally copy" "right to copy" "copying the material" "unlawfully copied" "authorized . . . to copy" | 83 | "prohibited from distributing" | 126 | "the right to . . . distribute podcasts" |
| 42 | "illegally copied this material" | 84 | "arranged for Audioboom to distribute" | 128 | "he wrongfully copied" |
| 43 | "illegally copying the contents" | 85 | "distributed and broadcast" | 137 | "the right to copy, distribute, and broadcast" |
| 45 | "demanded that Audioboom cease distribution" | 91 | "intellectual property that is a 'work made for hire'" | 138 | "to copy, distribute, or broadcast" |

4

To summarize the core allegations: Plaintiff claims that on December 7, 2012, its predecessor in interest, Radio Networks, entered into a written contract with Batchelor's company, Union River, for the services of Batchelor as a radio talk show host. Verified Complaint at ❡ 10. Plaintiff further alleges that under the contract "[a]ll intellectual property associated with the John Batchelor Show is a 'work made for hire.'" Verified Complaint at ❡ 12. Therefore, Plaintiff alleges that "Plaintiff or its predecessors-in-interest . . . is deemed legally to be the author and the owner of all intellectual property associated with the Show." Verified Complaint at ❡ 12.

 Plaintiff then alleges that in 2019, Defendant Audioboom broadcast the John Batchelor Show in a podcast form (i.e. a digital audio transmission) without Plaintiff's knowledge or permission. Verified Complaint at ❡❡ 20-21. In particular, Plaintiff claims that Batchelor gave Audioboom "the right to distribute and broadcast the podcasts" supposedly without Plaintiff's consent, though Plaintiff admits it accepted advertising royalty payments through 2021. Verified Complaint at ❡ 22. Plaintiff separately alleges that Batchelor "cop[ied] for his own personal gain a substantial amount of the materials, tapes, data and other intellectual property that belongs to Plaintiff." Verified Complaint at ❡ 40.

At bottom, Plaintiff's alleged claims boil down to two copyright assertions. First, Plaintiff asserts that Batchelor unlawfully "authorized Audioboom to distribute podcasts of the John Batchelor Show containing content and material produced for the Show that is owned by Plaintiff." Verified Complaint at ❡ 61. Second, Plaintiff asserts that Batchelor unlawfully copied Plaintiff's "intellectual property" and is exercising "dominion" over this property. Based on these allegations, Plaintiff sued Defendants for Common Law Copyright Infringement (Plaintiff's Sixth Cause of Action) and several related claims. Plaintiff's case is a copyright dispute barely camouflaged in state law claims. The Court must deny Plaintiff's motion to remand.

## ARGUMENT

### I.    EXCLUSIVE FEDERAL JURISDICTION OVER COPYRIGHT ACT CLAIMS IS A "BEDROCK" FEDERALISM PRINCIPLE REQUIRING DENIAL OF PLAINTIFF'S REMAND MOTION

Congress intentionally gave District courts "exclusive jurisdiction" over federal copyright claims. *Panizza v. Mattel, Inc.*, No. 02 Civ. 7722 (GBD), 2003 WL 22251317, *4 (S.D.N.Y. Sept. 30, 2003) (citing 28 U.S.C. §1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights").  Congress also extended copyright preemption to state law claims, stating preemption applies to "all legal or equitable rights" "equivalent to any of the exclusive rights within the general scope of copyright" concerning "the subject matter of copyright."  17 U.S.C. § 301(a).  In enacting Section 301 of the Copyright Act, Congress unambiguously stated "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."  *Id.*

This Congressionally enacted copyright preemption is not a mere incident of the Copyright Act; it is a "bedrock" provision.  H.R. REP. 94-1476, 2ND SESS., *129, *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5746 (1976).  Under the earlier Copyright Act of 1909, Federal law only protected works published with requisite copyright notices. 17 U.S.C. § 10 (1976) (repealed 1978).  Claims relating to other works (e.g., unpublished works) fell within the jurisdiction of State law, creating a dual system of copyright protection.  The Copyright Act of 1976, however, extended Federal copyright protection to all works fixed in a tangible medium and abolished this dual system in favor of a "national, uniform copyright law."  *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989).  When enacting Section 301 of the Copyright Act, Congress intended copyright preemption

> to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that

Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection.

H.R. REP. 94-1476, 2ND SESS., *129, *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5746 (1976). Consistent with this "unqualified intention," Congress explicitly preempted "any legal and equitable" state law claims relating to copyright.  17 U.S.C. § 301(3)(b).  Preemption is a "bedrock" of Congress' concern to promote uniform copyright adjudication and abolish the nearly half-a-century bygone, dual system of copyright law that Plaintiff attempts to revive here.  H.R. REP. 94-1476, 2ND SESS., *129, *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5746 (1976).

Plaintiff's Verified Complaint alleges common law copyright infringement (Sixth Cause of Action) and related claims, all seeking to enforce Copyright Act rights of copying, reproduction, distribution, and digital audio performance.  These claims are unambiguously preempted and Plaintiff's remand motion must be denied.  Even if Plaintiff voluntarily dismisses its common law copyright claim, the Court must deny Plaintiff's remand motion because "a plaintiff may not defeat removal by clothing a federal claim in state garb."  *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 503 (S.D.N.Y. 2001), *citing Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, 479 U.S. 885 (1986).  Congress did not intend the unimpaired "ability of parties to contract . . . and sue for breach of contract," to permit state law claims that are "merely the equivalent of copyright protection."  H.R. REP. 94-1476, 2ND SESS., *129, as reprinted in 1976 U.S.C.C.A.N. 5659, 5746 (1976).

## II.    THE CONTROLLING STANDARD APPLICABLE TO REMOVAL REQUIRES DENIAL OF PLAINTIFF'S REMAND MOTION

Congress gave defendants in all cases the right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Congress also vested the Federal District Courts with original jurisdiction of "any civil

7

action . . . relating to . . . copyrights." 28 U.S.C. § 1338(a).  Courts in this Circuit look to "the time the removal notice is filed" to determine the propriety of removal.  *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003); *see, Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (the propriety of removal must be "determined by the pleadings at the time of removal.").  At the time of removal, Plaintiff's complaint included a claim for "Common Law Copyright Infringement."  Original jurisdiction over this one claim requires denying Plaintiff's motion.  *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("A single claim over which federal-question jurisdiction exists is sufficient to allow removal").

Plaintiff mangles this standard when it attempts to amplify and modify the allegations pled in its Verified Complaint in its remand motion, in a misguided attempt to avoid removal.  For example, Plaintiff mentions in a passing footnote its intent to voluntarily dismiss its claim for Common Law Copyright Infringement[2] (Plaintiff has not actually filed any notice dismissal pursuant to Fed. R. Civ. P. 41).  Even if Plaintiff dismissed its copyright infringement claim, and even if some of Plaintiff's claims were not federally preempted (as shown below, every claim is preempted) the existence of a single preempted claim requires denial of Plaintiff's motion.

Plaintiff also irrationally urges the District Court to remand some claims to State court and retain jurisdiction over others.  This is not required because this Court has "supplemental jurisdiction over all other claims" that "form part of the same case of controversy" as a claim within original jurisdiction.  28 U.S.C. § 1367(a); *accord Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011).  Here, all of Plaintiff's claims arise "out of approximately the same set of events," and the Court can exercise jurisdiction over all claims if any one is preempted.  *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002).  Moreover,

---

[2] Moving Brief [Dkt. 15] at p. 19, n. 5.

the Court *should* exercise supplemental jurisdiction; declining supplemental jurisdiction is disfavored unless doing so would promote the values of economy, convenience, fairness, and comity. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004); 28 U.S.C. § 1367(c) (describing specific circumstances where it is appropriate to decline supplemental jurisdiction, not applicable here). Plaintiff fails to articulate any such reason for parallel State and Federal court proceedings, and there is none.

### III.   COPYRIGHT PREEMPTION CONFERS JURISDICTION, AND THE COURT MUST DENY PLAINTIFF'S MOTION

The Court must deny Plaintiff's motion if *any one* of Plaintiff's claims is preempted by the Copyright Act. *Briarpatch Ltd., L.P*, 373 F.3d at 308 (where unjust enrichment claim subject to copyright preemption, District Court properly exercised jurisdiction over other claims "derive[d] from a common nucleus of operative fact"); *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000) (District Court properly exercised supplemental jurisdiction over State claim where Federal claim brought against separate defendant).

In *Briarpatch Ltd.*, the Second Circuit reviewed a District Court's denial of a Plaintiff's motion for remand. *Briarpatch L.P., 373* F.3d at 301.  The Second Circuit held the District Court had improperly applied fraudulent joinder to dismiss a non-diverse defendant and exercise diversity jurisdiction. *Id.* at 301.  The Court, however, affirmed the District Court's exercise of jurisdiction because of copyright preemption of just *one* of several claims at issue, reiterating that the Copyright Act "both preempts state law and substitutes a federal remedy for that law, thereby creating an *exclusive* federal cause of action." *Id.* at 305 (emphasis supplied), *citing Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003).  The unjust enrichment claim in *Briarpatch Ltd.* was completely preempted as it hinged on a copyright adaptation right (that defendants adapted a

novel and screenplay into a motion picture without compensating plaintiff). *Briarpatch Ltd., L.P.*, 373 F.3d at 306.  Having held the District Court possessed subject matter jurisdiction over Plaintiff's unjust enrichment claim, the Second Circuit affirmed its exercise of supplemental jurisdiction over remaining state law causes of action "derive[d] from a common nucleus of operative fact."  *Id.* at 308.  *Briarpatch* is indistinguishable to the case at bar.

In the nearly two decades since the *Briarpatch* decision, Courts in the Second Circuit have *repeatedly* reaffirmed the vitality and importance of copyright preemption and exclusive Federal forum for copyright claims.  *Krause v. Titleserv, Inc.*, 402 F.3d 119, 123 (2d Cir. 2005) (describing "the Copyright Act's express objective of creating national, uniform copyright law by broadly preempting state statutory and common-law copyright regulation") (internal quotations omitted); *Urbont v. Sony Music Entm't*, 831 F.3d 80, 94 (2d Cir. 2016) ("narrow interpretation does not mesh with Congress's intent to broadly preempt state law protections by creating a national, uniform copyright law") (internal quotation omitted); *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.,* 924 F.3d 32, 48 (2d Cir. 2019) (copyright "preemption cannot be avoided simply by labeling a claim 'breach of contract'"); *Jackson v. Roberts (In re Jackson)*, 972 F.3d 25, 44 (2d Cir. 2020) ("we have upheld § 301 preemption as to a variety of state law claims that included an 'extra element' — including claims of unfair competition, unjust enrichment, conversion, tortious interference with contractual relations, and commercial misappropriation") (collecting cases); *ML Genius Holdings LLC v. Google LLC*, No. 20-3113, 2022 WL 710744, *2 (2d Cir. Mar. 10, 2022) (noting the Second Circuit's "broad interpretation of the scope of copyright preemption" and affirming denial of remand motion based on copyright preemption of state law breach of contract and unfair competition claims); *Melendez v. Sirius XM Radio, Inc.*, No. 21-1769-CV, 2022 WL 4841360, *4 (2d Cir. Oct. 4, 2022) "(a fundamental principle of the Constitution is that Congress

has the power to preempt state law . . . .  The Copyright Act of 1976 is one such instance") (internal quotations omitted); *Integrative Nutrition, Inc. v. Acad. of Healing Nutrition*, 476 F. Supp. 2d 291, 295 (S.D.N.Y. 2007) ("based on the complete preemption doctrine, district courts have jurisdiction over state law claims preempted by the Copyright Act") (internal quotations omitted).  Therefore, if this Court finds that *even one* of Plaintiff's claims is preempted and subject to *exclusive* Federal jurisdiction, it must deny Plaintiff's motion to remand.  As shown below, *all* of Plaintiff's claims are preempted here.

## IV.  *ALL* OF PLAINTIFF'S CLAIMS ARE PREEMPTED AND PLAINTIFF'S REMAND MOTION MUST BE DENIED

"The Copyright Act expressly preempts a state law claim if (i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright." *Archie MD, Inc. v. Elsevier, Inc.*, 2017 WL 3421167 16-cv-6614 (JSR) (S.D.N.Y. March 13, 2017) (internal quotations omitted) (finding state law breach of contract claim would also be dismissible due to copyright preemption), *citing Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting 17 U.S.C. § 301(b)); *accord, Barclays Cap. Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 892 (2d Cir. 2011); *Integrative Nutrition*, 476 F.Supp. 2d at 295.

The first prong—the subject matter requirement—is satisfied here because Plaintiff's claims apply to The John Batchelor Show, a sound recording.  17 U.S.C. § 102(a)(7) (Copyright Act protects "sound recordings").    The second prong—the general scope requirement—is satisfied because Plaintiff invokes rights equivalent to the exclusive rights provided by Federal copyright law.  *Integrative Nutrition*, 476 F.Supp. 2d at 295.  These include the rights to "reproduce the copyrighted work in copies," "distribute copies of the work by sale or otherwise," and "perform

the work publicly," including for sound recordings, by digital audio transmission.  17 U.S.C. §106(1), (2), (6).  As shown below, *all* of Plaintiff's claims are preempted.

### A.  Plaintiff's Sixth and Twelfth Claims for Common Law Copyright Infringement and Declaratory Judgment are Preempted

Plaintiff's sixth claim for Common Law Copyright Infringement and twelfth claim for Declaratory Judgment are preempted.  In its copyright infringement claim, Plaintiff alleges "Plaintiff has not authorized defendants to copy, reproduce, distribute, or broadcast the materials and content produced for or by the John Batchelor Show"; "The copying, reproduction, distribution, or broadcasting of the materials and content produced for or by the John Batchelor Show without full compensation constitutes infringement of Plaintiff's exclusive rights in and to that content and materials"; and "Defendants are liable for infringement of Plaintiff's exclusive rights to the intellectual property in question."  Verified Complaint at ¶¶ 102–04.  On its face, this claim is preempted.

By its "Declaratory Judgment" claim, Plaintiff seeks a judgment that the intellectual property of the John Batchelor Show "is owned exclusively by Plaintiff as a 'work made for hire' and that "Defendants had no right whatsoever to copy, distribute, or broadcast it…"  Verified Complaint, ¶ 138.  Resolution of this claim requires construction and analysis of Copyright Act provisions governing "works made for hire."  17 U.S.C. §§101; 201(b).  The claim plainly seeks to enforce rights arising out of the Copyright Act.  17 U.S.C. §106(1), (3), and (6).  This claim is also preempted.  *Briarpatch*, 373 F.3d at 307 (holding declaratory judgment claim preempted where plaintiff sought declaration of its ownership of adaptation rights in a novel and screenplay).

### B.  Plaintiff's First through Fourth Contract Claims are Preempted

In its first claim for Breach of Contract against John Batchelor, Plaintiff alleges two breaches.  First, Plaintiff alleges Batchelor "authorized Audioboom to distribute podcasts of the

12

John Batchelor Show . . . [though he] had no lawful right to allow that material to be distributed in the form of podcasts by Audioboom." Verified Complaint at ⁋ 61. Second, Plaintiff alleges Batchelor breached contractual "and other" obligations by "copying a large amount of data on WABC Radio's hard drives containing the contents of material . . . for the John Batchelor Show." Verified Complaint at ⁋ 64. Notably, Plaintiff does not cite to any provision of any contract that Mr. Batchelor allegedly breached. Instead, Plaintiff alleges that its contract with Batchelor included "work made for hire" provisions transferring copyright in The John Batchelor show to Plaintiff. "Work made for hire" arises under the Copyright Act. 17 U.S. Code § 101 (defining "work made for hire"). Thus, the purported "contract" breaches Plaintiff alleges are in reality violations of Plaintiff's rights acquired under the Copyright Act. While Plaintiff alleges contract damages "to exceed $1,000,000," the 2012 Batchelor Agreement contains no promise by Batchelor to pay any amounts to Plaintiff whatsoever, and Plaintiff does not allege the existence of any such contractual provision. *See generally*, Dkt. 14-1.

"Contract" claims such as these are preempted because they seek to enforce equivalent Copyright Act rights, here to prevent unauthorized copying and distribution. For example, this Court previously held the Copyright Act preempted an animator's breach of license claim where the claim sought to enforce the animator's ability to exclude others from distributing or reproducing copyrighted works. *Archie MD, Inc. v. Elsevier, Inc.*, No. 16-CV-6614 (JSR), 2017 WL 3421167 (S.D.N.Y. Mar. 13, 2017); *accord Genius Media Grp. Inc.*, No. 19-CV-7279 (MKB), 2020 WL 5553639, *8 (E.D.N.Y. Aug. 10, 2020), *aff'd sub nom, ML Genius Holdings LLC v Google LLC,* No. 20-3113, 2022 WL 710744 (2d Cir. Mar. 10, 2022) (plaintiff's breach of contract claims are nothing more than claims seeking to enforce the copyright owners' exclusive rights to protection from unauthorized reproduction of lyrics and are therefore preempted). Here, Plaintiff

seeks to vindicate its right to copy and distribute based on the Copyright Act and this claim is plainly preempted.

Plaintiff's second claim for Breach of Contract against Audioboom and The Weiss Agency fares no better.  As a threshold matter, Plaintiff does not allege any contract between it and Audioboom or The Weiss Agency.  Instead, Plaintiff asserts without explanation that it is "deemed" a party to contracts as to which it is not a party.  Thus, it is highly doubtful that Plaintiff states any claim under New York State law.  *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (breach of contract claim requires existence of contract).  Setting aside these problems, Plaintiff's claim turns on its allegation that "the Weiss Agency was an active participant in the distribution of the John Batchelor Show podcasts."  Verified Complaint at ⁋ 73.  To be clear, Plaintiff's asserted right to some amount "to exceed $1,000,000." does *not* arise from any contract because there is no contract provision alleged or existing that obliges any Defendant to make payment to Plaintiff.  Plaintiff merely fabricates a non-contractual million-dollar recovery.  Rather, Plaintiff's alleged right to compensation derives from its Copyright Act right of distribution.  This claim is plainly preempted.

 Plaintiff's third claim for "Third Party Beneficiary of Contract" is also preempted.  Plaintiff alleges it is an intended third party beneficiary of contracts between Batchelor and Audioboom solely because Plaintiff is "the owner of the Show's intellectual property."  Verified Complaint at ⁋ 78.  To be clear, Plaintiff does not allege any third party beneficiary right arising out of contract language because there is none.  Again, it is doubtful that Plaintiff has even stated a claim under New York law.  *Synovus Bank of Tampa Bay v. Valley Nat'l Bank*, 487 F. Supp. 2d 360 (S.D.N.Y. 2007).  Instead, and solely based on its copyright ownership, Plaintiff alleges it is entitled to "the advertising and other revenue earned from distribution of the Show's podcasts."

*Id*.  This claim is a poorly disguised attempt to enforce Plaintiff's distribution rights arising from the Copyright Act and is plainly preempted by §301 of the Copyright Act.

Finally, Plaintiff's fourth claim for Tortious Interference with Contract is preempted for the same reasons.  *Harper & Row, Publrs., Inc.,* 723 F.2d 195, 201 (2d Cir. 1983) (tortious interference claim preempted when predicated on an "act of unauthorized publication"); *rev'd on other grounds,* 471 U.S. 539, 569 (1985) (discussing fair use, not preemption).  Here, Plaintiff does not actually allege any provision of a contract that Defendants allegedly caused Batchelor to breach, and again Plaintiff does not actually state a claim under New York law.  *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 112 (S.D.N.Y. 2015).  Rather, Plaintiff simply alleges a distribution right arising under the Copyright Act and the work made for hire doctrine: "Defendants Audioboom, the Weiss Agency, and Heather Cohen knew or should have known that the 2012 Batchelor Agreement prohibited Batchelor from distributing [The John Batchelor Show] through Audioboom or on his own website," and "defendants the Weiss Agency and Heather Cohen arranged for Audioboom to distribute podcasts of the John Batchelor Show . . . ."  Verified Complaint, ¶ 85-86.  This claim is plainly preempted by §301 of the Copyright Act.

The Court must deny Plaintiff's remand motion if any one of Plaintiff's contract claims are preempted.  All four are preempted, requiring denial of the remand motion.

### C.  Plaintiff's Fifth Claim for Conversion is Preempted

Plaintiff's theory of conversion is that Batchelor "misappropriated" content and "caused it to be distributed and broadcast as podcasts by Audioboom or on his own website."  Verified Complaint at ¶ 93.  "In addition," Plaintiff alleges, "Batchelor wrongfully and illegally copied . . . content and materials produced for the John Batchelor Show."  Verified Complaint at ¶ 93.  This

"conversion" claim dutifully recites New York state claim elements but is a thinly veiled attempt to enforce preempted copying, distribution and broadcast performance rights.

Conversion claims are preempted where the right Plaintiff seeks to protect is "coextensive with an exclusive right already safeguarded" by the Copyright Act. *Harper & Row, Publrs., Inc.*, 723 F.2d at 201 (affirming dismissal of conversion claim); *rev'd on other grounds*, 471 U.S. 539, 569 (1985) (discussing fair use, not preemption). In *Harper & Row*, the Second Circuit affirmed the District Court's dismissal of a conversion claim as preempted where the claim in reality sought to enforce a right of reproduction. *Id.* ("If unauthorized publication is the gravamen of their claim, then . . . their conversion claim is necessarily preempted."). A conversion claim predicated on copying can "only" overcome preemption when based on "exclusion of the rightful possessor," as this adds an "'extra element' that would make it qualitatively different from a copyright claim." *Stanacard, LLC v. Rubard, LLC*, 2016 WL 462508, *20-21 (S.D.N.Y. Feb. 3, 2016). To shoehorn into this exception, the Plaintiff in *Harper & Row* attempted to "suggest it is the possession of the papers themselves which lays the foundation for their claim." *Harper & Row, Publrs., Inc.*, 723 F.2d at 201. But this tactic placed the Plaintiff "upon the horns of a dilemma," because "[c]onversion requires . . . unauthorized dominion and control *to the complete exclusion of the rightful possessor*." *Id.* (emphasis supplied); *citing*, inter alia, *AMF Inc. v. Algo Distributors, Ltd.*, 369 N.Y.S.2d 460, 464 (2d Dep't 1975). Thus "[m]erely removing one of a number of copies" is wholly insufficient to plead conversion. *Harper & Row Publrs., Inc.*, 723 F.2d at 201.

For these reasons, "courts in this Circuit have routinely rejected conversion claims predicated on a defendant's possession of an electronic copy of the property." *Fischkoff v. Iovance Biotherapeutics, Inc.*, 339 F. Supp. 3d 408, 415 (S.D.N.Y. 2018). For example, the Southern District of New York, applying *Harper & Row*, held a conversion claim was "preempted by the

Copyright Act" where plaintiff alleged the defendants "converted the computer hardware, software, and intellectual property of NLA for their own use."  *New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 411 (S.D.N.Y. 2019).  There, the Court held that the claim was, in reality, "simply a restatement of NLA's claims under the Copyright Act for unlawful copying and distribution."  *Id.*  Even the "allegation that certain defendants physically interfered with NLA's property by accessing their servers" could not save the claim, because it did not establish "control to the complete exclusion of the rightful possessor."  *Id.*

Here, Plaintiff's "conversion" claim based on copying The John Batchelor show contents and causing them "to be distributed and broadcast as podcasts" is indistinguishable from the claims preempted in *Harper Row*, *Stanacard*, *AMF, Inc.*, *Fischkoff*, and *New London Associates*.  This claim is plainly preempted, and the Court must deny Plaintiff's remand motion.

### D.  Plaintiff's Seventh Claim for Unjust Enrichment is Preempted

"The overwhelming majority of courts in this [C]ircuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted."  *Panizza v. Mattel, Inc.*, No. 02-CV-7722, 2003 WL 22251317, at *4 (S.D.N.Y. Sept. 30, 2003).  By its unjust enrichment claim, Plaintiff seeks to recover "money and property" that Defendants supposedly obtained.  Verified Complaint at ¶ 107.  The only such "money and property" Plaintiff identifies in its Verified Complaint is copyright protected sound recordings of The John Batchelor Show and revenues obtained from the distribution and broadcast of The John Batchelor Show.  This Court should follow the "overwhelming majority" and hold that Plaintiff's claim is preempted.

In *Briarpatch*, the Second Circuit affirmed a District Court's exercise of subject matter jurisdiction over an unjust enrichment claim based on copyright preemption where the claim

sought revenues made through an adaptation of a novel and screenplay into a film.  *Briarpatch Ltd., L.P.*, 373 F.3d at 306.  There, the addition of an "enrichment" element did "not . . . go[] far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."  *Id.*  "Where the gravamen of an unjust enrichment claim is that defendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act . . . the claim is preempted."  *Stanacard, LLC*, 2016 WL 462508, at 20-21.

Here, Plaintiff merely alleges that Defendants were unjustly enriched by copying, distributing, and broadcasting work as to which Plaintiff alleges it is the copyright owner.  Plaintiff admits this in its motion, stating "Plaintiff seeks . . . compensation for the use of a show that it owns."  Moving Brief, [Dkt. 15], at p. 19.  This is claim is preempted, requiring denial of Plaintiff's remand motion.

### E.  Plaintiff's Eighth, Ninth, Tenth, and Eleventh Claims for Fiduciary, Accounting, Aiding and Abetting, and Fraud are Preempted

Fiduciary duties can survive preemption where the underlying right a plaintiff seeks to redress does not derive from the Copyright Act.  Therefore, in *Briarpatch Ltd.*, the Second Circuit held a fiduciary duty claim concerning "violations of the duty owed to a partnership" was not Federally preempted.  *Briarpatch Ltd.*, 373 F.3d at 307.  This case is wholly distinguishable.  As a threshold matter, Plaintiff admits Batchelor was an "independent contractor" and fails to plead any fiduciary duty under New York law.  Verified Complaint at ⁋ 110.  Regardless, Plaintiff's claim is yet again preempted as an ill-disguised Copyright Act claim.  It rests on the allegation that "Batchelor breached his fiduciary duty to Plaintiff by distributing podcasts of the John Batchelor Show."  Verified Complaint at ⁋ 111.  Based on Plaintiff's allegations, the supposed fiduciary duty is equivalent to the right of distribution.  Plaintiff simply seeks to enforce its Copyright Act distribution right, and this fiduciary claim is plainly preempted.

Plaintiff's "Accounting" claim is also preempted because it duplicates the failed fiduciary claim.  Plaintiff alleges that "Batchelor, as a former independent contractor of Plaintiff, owes Plaintiff the fiduciary duty to fully account for all monies earned by him, or owed to Plaintiff, from distribution of the podcasts and other use of materials produced by the John Batchelor Show in violation of Plaintiff's rights as owner of the intellectual property in question."  Verified Complaint at ⊩ 116.  Here again, the gravamen of Plaintiff's claim is the right of distribution and copying of copyrighted materials.  This claim is preempted.

Similarly, Plaintiff's "Aiding and Abetting" claim is preempted by §301 of the Copyright Act.  This claim derives from Plaintiff's assertion that Weiss and Cohen knew "that Batchelor did not have the lawful right to allow podcasts of the John Batchelor Show to be distributed by Audioboom," and that Weiss and Cohen "aided and abetted" this "wrongful conduct."  Verified Complaint, ¶¶ 122-123.  Plaintiff is simply alleging a right of distribution and performance by digital audio transmission, which are exclusive rights flowing from the Copyright Act.  This claim is preempted. *Integrative Nutrition*, 476 F.Supp. 2d at 295; *Barclays Cap.*, 650 F.3d at 892.

Plaintiff mistakenly relies on the completely inapposite case of *Wolfson v. Ernst*, 112 F. Supp. 3d 167 (S.D.N.Y. 2015) to support remand of its Aiding and Abetting claim.  Moving Brief, [Dkt. 15], pp. 13-14.  *Wolfson* does not discuss copyright preemption as all copyright issues between those parties had been resolved in prior litigation; rather, *Wolfson* applies a different jurisdictional analysis to an attorney malpractice claim.  *Wolfson*, 112 F. Supp. 3d at 171–72; citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005) (affirming removal and analyzing the national interest in providing a federal forum for federal tax litigation).  Plaintiff's bizarre reliance on *Wolfson* does not save the argument or its aiding and abetting claim, which is plainly preempted.

19

As to Plaintiff's "Fraud" claim, as an initial matter Plaintiff's scattershot pleading fails to meet the heightened pleading standards for fraud claims under Federal and New York State law. Fed. R. Civ. P. 9(b); New York's Civil Practice Law and Rules § 3016(b); *Planetarium Travel, Inc. v. Whitehouse Travel Co.*, No. 97 CIV. 2186 (LMM), 1998 WL 85796, *3 (S.D.N.Y. Feb. 27, 1998) (dismissing plaintiff's fraud claim where plaintiff failed to identify the statements it claimed were false, failed to give particulars as to which contents of those statements were false, detail when and where the statements were made or identify who made the statements); *accord Hirsch v. Stellar Mgmt.*, 50 N.Y.S.3d 68, 68-69 (1st Dep't 2017).

More to the point, Plaintiff's fraud claim is preempted on each of the three bases Plaintiff alleges. First, Plaintiff alleges "Batchelor engaged in fraud and misrepresentations" by "falsely stat[ing] . . . that he had the right to permit Audioboom to distribute podcasts of the John Batchelor Show when, in fact, Batchelor did not own the content of the Show and had no right to authorize Audioboom to distribute the podcasts." Verified Complaint at ¶ 126. Although Plaintiff attempts to add an "extra element" of deception to this Copyright Act claim, Plaintiff's damages plainly flow from the alleged unauthorized *distribution*, and not from the alleged deception. Second, Plaintiff alleges that "Batchelor further engaged in fraud when he failed to disclose to Plaintiff the full terms and conditions of the 2019 and 2020 Audioboom Agreements, and failed to provide a copy to Plaintiff until March 2021." Verified Complaint at ¶ 127. Plaintiff articulates no basis for Batchelor's purported duty to disclose contracts *except Plaintiff's alleged copyright ownership of the John Batchelor Show as a work made for hire*. Here again, Plaintiff adds an irrelevant "deception" element to what is, at bottom, a copyright claim. Third, and finally, Plaintiff alleges that "in 2021 Batchelor made numerous material misrepresentations of fact to Plaintiff with the intent of defrauding and deceiving Plaintiff when he wrongfully copied the files and other

intellectual property owned by Plaintiff."   Verified Complaint at ⁋ 128.   Plaintiff's copying allegation, buried in a fog of fraud-like assertions, is again just that, an allegation that Batchelor "wrongfully copied" Plaintiff's intellectual property.   Each of these "fraud" claims are simply Copyright Act claims clumsily forced into state law molds.   They are plainly preempted.

## V.   PLAINTIFF'S CONTENTIONS FAIL TO SAVE ITS MOTION BECAUSE PLAINTIFF MISCONSTRUES COPYRIGHT PREEMPTION LAW

Plaintiff utterly confuses basic copyright preemption doctrine when it contends in the face of obvious preemption that the mere existence of a contract removes its claims from the scope of Federal copyright law.   The existence of a contract is irrelevant to copyright preemption where the rights at issue are encompassed by copyright law.   *Sharp v. Patterson,* 2004 U.S. Dist. LEXIS 22311, at *23 (S.D.N.Y. Nov. 3, 2004) (contract claims are preempted when they "seek to vindicate the same rights as the Copyright Act affords, 'such as unauthorized reproduction, performance, distribution, or display.'")   Plaintiff's attempt to distinguish controlling Second Circuit precedent because those cases do not involve contracts completely misses the point.   *See, e.g.*, Moving Brief, Dkt. 15, p. 19-21, discussing *Briarpatch Ltd, L.P.*, 373 F.3d 296, *Barnhart v. Federated Dep't Stores, Inc*., No. 04 Civ. 3668 (JGK), 2005 WL 549712 (S.D.N.Y Mar. 8, 2005).

Furthering this error, Plaintiff's motion extensively and inexplicably discusses *Jasper v. Bovina Music, Inc.*, a case in which the Second Circuit affirmed the District Court's exercise of subject matter jurisdiction over claims arising from a music royalty agreement because the agreement required construction of provisions of the Copyright Act.   *Jasper v. Bovina Music Inc.*, 314 F.3d 42, 46 (2d Cir. 2002).   At best, the *Jasper* opinion stands for the uncontroversial proposition that a dispute that only "turns on the interpretation of a contract" presents a state law claim that does not confer original jurisdiction on a District Court.   *Id*.   As discussed above, Plaintiff's "contract" claims here do not "turn on" the interpretation of any contractual clauses;

rather they seek to enforce rights granted by the Copyright Act.  Therefore *Jasper* is inapplicable to this case.

Plaintiff string cites inapposite cases involving *distinct* state rights to defend a misguided proposition that the existence of a contract or any alleged "extra element" automatically strips a District Court of its exclusive copyright jurisdiction.  All of these cases involved rights not provided by the Copyright Act and are easily distinguished.  *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (an "extra element" is irrelevant where it does not qualitatively change the claim from a copyright claim); *Acorne Prods., LLC v. Tjeknavorian*, 33 F. Supp. 3d 175, 180, 183 (E.D.N.Y. 2014) (claims did not arise out of or require construction of the Copyright Act where contract did *not* concern copyright ownership); *Sharp v. Patterson*, No. 03 Civ. 8772 (GEL), 2004 WL 2480426, at *7 (S.D.N.Y. Nov. 3, 2004) (breach turned on failure to provide services, *not* distribution, publication, or performance); *Est. Examinations Co. v. ECG Enterprises, Inc*., No. 06-CV-3024 (JFB), 2006 WL 3248003, *5 (E.D.N.Y. Nov. 7, 2006) (claim for failure to return files after termination of consulting agreement); *Wolfson v. Ernst*, 112 F. Supp. 3d 167, 169 (S.D.N.Y. 2015) (copyright issues disposed of in prior litigation and not relevant to action); *Reach Glob., Inc. v. Ridenhour*, No. 20 CIV. 391 (AKH), 2020 WL 2319176, at *1 (S.D.N.Y. May 10, 2020) (conversion claim not preempted because not predicated on Copyright Act violations, Court notes a conversion claim based on wrongful reproduction *would* be preempted); *Kennedy v. LaCasse*, No. 17-CV-2970 (KMK), 2017 WL 3098107, at *5 (S.D.N.Y. July 20, 2017) (while courts "routinely" hold unjust enrichment claims preempted, claim for remuneration of services is not preempted).

None of these cases support Plaintiff's extraordinary position that State courts can adjudicate rights governed by the Copyright Act whenever the parties enter into a contract or a

Plaintiff manages to plead any "extra element."  Plaintiff's position is completely unsupported and its motion must be denied.

## <u>CONCLUSION</u>

For all the reasons stated herein, Batchelor, Union River, Weiss, and Cohen respectfully request that this Court deny Plaintiff's motion to remand and award such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            October 7, 2022

Respectfully submitted,

**ROMANO LAW PLLC**

By:   */s/ Siddartha Rao*
        Siddartha Rao
        Nicole Haff
55 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 865-9848
Email: sid@romanolaw.com
Email: nicole@romanolaw.com

*Attorneys for Defendants*

*John Batchelor, Union River Press, Inc.,*
*The Weiss Agency, and Heather Cohen*

23