UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ RED APPLE MEDIA, INC.,          │
│                                 │     22-cv-07547 (JSR)
│            Plaintiff,           │
│                                 │     OPINION AND ORDER
│       -v-                       │
│                                 │
│ JOHN BATCHELOR, UNION RIVER     │
│ PRESS, INC., AUDIOBLOOM LTD.,   │
│ THE WEISS AGENCY INC., and      │
│ HEATHER COHEN,                  │
│                                 │
│            Defendants.          │
└─────────────────────────────────┘
```

JED S. RAKOFF, U.S.D.J.:

Plaintiff Red Apple Media, Inc. ("Red Apple") alleges it owns exclusive rights to the John Batchelor Show -- a news podcast hosted by defendant John Batchelor -- and that, notwithstanding Red Apple's exclusive ownership, Batchelor and the other defendants copied and broadcast the show's content after the podcast was discontinued for a new radio show. Verified Complaint ("Compl.") ¶¶ 1-55, Dkt. 1-1. For this, Red Apple sued Batchelor and the other defendants here named in New York State court, alleging breach of contract, unjust enrichment, conversion, and other claims purportedly arising under New York state law. Compl. ¶¶ 56-138.

Defendant Audiobloom Limited ("Audiobloom"), with the consent of the other defendants, removed the case from state to federal court under 28 U.S.C. §§ 1441(c) and 1454 on the basis that many or all of Batchelor's claims actually arise under, and are preempted by, Section 301(a) of the Copyright Act. See Notice of Removal ¶¶ 8-15, Dkt. 1.

1

Red Apple now moves to remand the case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons explained below, the Court denies plaintiff's motion to remand.

I. **Legal Standard**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a). Congress has also provided more specifically that any "civil action in which any party asserts a claim for relief arising under" federal copyright law may be removed to the United States district court "embracing the place where the action is pending." Id. § 1454(a).

Here, as noted, Red Apple's claims purport to arise under state law, not the federal Copyright Act or any other federal statute. Although defendants might intend to raise a federal preemption defense to these state-law claims, that expectation alone would not ordinarily suffice to establish federal question jurisdiction where no federal issue appears on the face of plaintiff's complaint. See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 154 (1908).

However, copyright is one of a handful of areas where -- at least in the Second Circuit -- Congress is considered to have "completely preempted" analogous state-law claims, meaning that "the preemptive force of federal law [in this area] is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d

Cir 2004). Because the Copyright Act "both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action . . . [i]t therefore follows that the district courts have jurisdiction over state law claims preempted by the Copyright Act." Id. The Court therefore has federal question jurisdiction over any of Red Apple's nominally state-law claims that are in fact completely preempted by federal copyright law.

Although Red Apple argues that the case as a whole should be remanded, its legal memorandum appears at times to contemplate that specific claims as to which this Court may not have federal question jurisdiction should be remanded to state court. See Pls. Mem. Supp. Mot. Remand ("Pls. Mem.") at 7-19. But both of the removal statutes relied on by defendants, as well as the remand provision relied on by Red Apple, authorize the removal (or remand) of entire cases, not claims. See 28 U.S.C. §§ 1441(a), 1454(a), 1447(c). As a result, so long as federal question exists over a "single claim," removal of the entire case is proper. Broder v. Cablevision Sys. Corp., 418 F.3d 187, 194 (2d Cir. 2005).

Although Red Apple does not cite it, there is a statutory mechanism that authorizes a federal court to sever and remand to state court individual claims even where removal of the case was proper. See 28 U.S.C. § 1441(c). However, that statute applies by its terms only where certain claims fall outside both the Court's "original or supplemental jurisdiction." Id. Supplemental jurisdiction exists "over all other claims that are so related to claims in the action within

3

such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a). As such, while 28 U.S.C. § 1441(c) might authorize the severance and remand of state-law claims that are totally unrelated to federal-law claims brought in the same suit, here all of Red Apple's complaints against the various defendants involve the same common core of facts, relating to Batchelor's and other defendants' alleged use of intellectual property belonging to Red Apple. See generally Compl. As such, to the extent federal question jurisdiction exists over any of Red Apple's claims, supplemental jurisdiction attaches to any remaining claims, and 28 U.S.C. § 1441(c) does not apply.

It is true that in the event the Court has federal question jurisdiction over some but not all of Red Apple's claims and those claims are promptly dismissed because they are preempted, the Court would have no obligation to exercise supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367(c) (laying out considerations for courts to consider in determining whether to exercise supplemental jurisdiction); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998). In that event, the Court would have discretion to choose whether to exercise jurisdiction over any remaining state law claims, dismiss them, or remand them to the state court in which they were originally brought. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356-57 (1988) (reasoning that when district courts decline to exercise jurisdiction over pendant state-law claims in a removed case, they may choose whether to dismiss or remand those claims).

However, in determining whether or not this Court has jurisdiction or must remand the case at this time, it is sufficient that federal question jurisdiction attach to just one claim.

II. Analysis

Against this background, the key question is whether any of plaintiff's ostensibly state-law claims is preempted by federal copyright law. Under Second Circuit precedent, "[t]he Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. § 102," which grants copyright protections to "original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated,"; and "(2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106," which gives copyright owners the exclusive rights to reproduce, copy, and prepare derivative works of the copyrighted work. Briarpatch, 373 F.3d at 305. The first "requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Id. The podcast content taped by Batchelor and allegedly owned by Red Apple plainly meets this requirement. See 17 U.S.C. § 102(a)(7) (including "sound recordings" in the categories of "works of authorship" to which copyright protection attaches).

5

As to the second requirement -- whether the legal or equitable rights asserted "are equivalent to the bundle of exclusive rights already protected" under federal copyright law -- "the state law claim must involve acts of reproduction, adaptation, performance, distribution or display," and it "must not include any extra elements that make it qualitatively different from a copyright infringement claim." Briarpatch, 373 F.3d at 305. Courts "take a restrictive view" in evaluating whether an extra element makes a state-law claim qualitatively different from a federal copyright claim, such that a requirement of "[a]wareness or intent" would not render the state-law claim qualitatively different, although "breach of fiduciary duty" would. Id. at 306.

### A. Red Apple's Common Law Copyright Claim is preempted and vests this Court with jurisdiction.

Doubtless there are hard cases in which the boundaries between preempted claims that sound in copyright and genuinely independent state-law claims become blurry; but Red Apple makes this an easy case by alleging "Common Law Copyright Infringement." Compl. ¶ 99. This is based on Red Apple's alleged "possess[ion of] all exclusive rights with respect to the materials and content produced for or by the John Batchelor Show," which "constitute[] unique intellectual property subject to common-law copyright protection," and on defendants' unauthorized "copying, reproduction, distribution, or broadcasting of the materials and content produced for or by the John Batchelor Show"

in alleged "infringement of Plaintiff's exclusive rights" to those same materials and content. Compl. ¶¶ 100-04.

This count clearly relates to works that would be protected under 17 U.S.C. § 102 (content and recordings made for the John Batchelor show), and seeks to vindicate those rights guaranteed by 17 U.S.C. § 106 (Red Apple's allegedly exclusive ownership and right to copy or distribute these works). It also contains no "extra elements that make it qualitatively different from a copyright infringement claim." Briarpatch, 373 F.3d at 305; see also Capitol Records, Inc. v. Naxos of America, Inc., 372 F.3d 471, 477 n.2 (2d Cir. 2005) ("The 1976 Copyright Act ended common law copyright protection for all works that are the subject of federal preemption.") As such, the claim both arises under, and is preempted by, the Copyright Act, and gives rise to subject matter jurisdiction over the instant case.

Seeking to evade this self-evident conclusion, Red Apple states in a footnote that it "voluntarily dismisses its sixth cause of action for common law copyright infringement." Pls. Mem. Supp. Mot. 19 n.5. Even assuming this Court treats this footnote in a brief as constituting "a notice of dismissal" of the relevant claim, see Fed. R. Civ. P. 41(a), that would not alter the jurisdictional analysis, because courts "evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (2d Cir. 2003); see id. (looking to the "plaintiff's complaint, at the time defendant filed its removal notice" to determine whether or not the complaint alleges federal claims); In

7

Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 101 (2d Cir. 2015) ("[A] post-removal amendment does not defeat federal question jurisdiction premised on a federal question. . . ."). And because Red Apple's common law copyright claim sufficed to give rise to federal question jurisdiction at the time this case was removed, supplemental jurisdiction exists over each of Red Apple's remaining claims (if, indeed, they sound in state law rather than federal law), because they are based on the same "common nucleus of operative fact." Briarpatch, 373 F.3d at 308; see 28 U.S.C. § 1367(a).

### B. Red Apple's Conversion and Unjust Enrichment Claim are also Completely Preempted.

Even assuming Red Apple footnote-dismissal of its common law copyright claim were effective and could retroactively undo this Court's subject matter jurisdiction (which, as explained above, it cannot), this would not matter, because many if not all of Red Apple's remaining claims are also completely preempted by the Copyright Act and therefore also give rise to federal question jurisdiction. While this Court will not exhaustively analyze each of plaintiff's claims here -- as explained above, for jurisdictional purposes, it suffices that this Court has federal question jurisdiction over even one claim and supplemental jurisdiction over any other claims -- the Court here mentions two further claims that are plainly completely preempted: Red Apple's claims for conversion (Count 5, Compl. ¶¶ 90-98) and unjust enrichment (Count 7, Compl. ¶¶ 106-108).

Each of these claims relates to Batchelor's and other defendants' profiting from their use of content they allegedly had no right to use because of Red Apple's exclusive ownership. Each involves a work (The Batchelor Show content) of the sort protected by federal copyright law, and each aims to vindicate rights analogous to the exclusive ownership and distribution rights guaranteed by federal copyright law. Neither involves any other additional element sufficient to render it qualitatively different from a federal copyright claim. For that reason, the Second Circuit has previously held that unjust enrichment and conversion claims of the sort Red Apple here advances are preempted. See Harper & Row Publishers, Inc. v. Nation Enters., 723 F.2d 195, 201 (2d Cir. 1983), rev'd on other grounds 471 U.S. 529 (1985) (affirming dismissal of conversion claim as preempted by the Copyright Act where "unauthorized publication [was] the gravamen of the[] claim"); Briarpatch, 373 F.3d at 306-07 (reasoning that an unjust enrichment claim under New York law based on a defendant's alleged profiting from a film owned by plaintiff was preempted). These two claims therefore arise under the Copyright Act and give rise to federal question jurisdiction.

Red Apple suggests that the Court could choose to dismiss the unjust enrichment claim in the event it is preempted. Pls. Mem. 19. But, for the reasons explained above, the possibility that one or more of Red Apple's federal claims may be dismissed, whether by Red Apple or the Court, cannot deprive this Court of jurisdiction. Indeed, where, as here, the entire basis for federal question jurisdiction consists

of Congress's complete preemption of a state-law claim, the nominal state law claim that is completely preempted by federal law will necessarily be dismissed in virtually all imaginable scenarios precisely because it is preempted. Allowing the likelihood of dismissal of the preempted claim to defeat removal would entirely unravel complete preemption doctrine.

### C. Red Apple's Breach of Contract Claims

Red Apple's primary argument for reamnd is "that the gist of this Complaint is breach of contract," which, Red Apple contends, is not preempted by the Copyright Act and does not give rise to federal question jurisdiction. Pls. Mem. 19; see Compl. ¶¶ 56-80. As explained above, whatever the "gist" of its complaint, several of Red Apple's *claims* plainly arise under and are preempted by the Copyright Act, and because Red Apple's contract claims arise out of the same facts, they fall under the Court's supplemental jurisdiction to the extent they are not also the subject of federal question jurisdiction. Though the Court need go no further than it already has in order to deny Red Apple's motion to remand, it notes that, on the basis of Red Apple's complaint and the papers filed thusfar, there are strong arguments that Red Apple's breach of contract claims would also be completely preempted.

The Second Circuit has previously held that the Copyright Act does not preempt a breach-of-contract claim where one party to a contract sues her counterparty for failure to pay amounts owed under that contract, because "[a] claim for breach of contract including a

10

promise to pay is qualitatively different from a suit to vindicate a right included in the Copyright Act. . . ." Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012). However, it left open "whether preemption is precluded whenever there is a contract claim, or only when the contract claim includes a promise to pay." Id. (considering divergent precedent from other circuits on this issue).

Here, the "gist" of Red Apple's breach of contract claim appears to consist largely of Batchelor's and other defendants' unauthorized use of intellectual property allegedly owned by Red Apple. See Compl. ¶¶ 56-80. Absent the violation of some contractual duty more specific and particular to Batchelor than his general obligation -- shared with everyone else -- not to copy or distribute intellectual property owned by Red Apple, this claim too would appear to meet the Briarpatch standard for preemption (and federal question jurisdiction). However, while the Court lays out these preliminary impressions to help focus the parties' briefing in the event of any motion to dismiss, it need not, for the reasons explained above, decide at the present juncture whether Red Apple's contract claims are completely preempted. Whether they are or not, this case was properly removed.

### III. Conclusion

Red Apple's motion to remand is denied for the reasons stated above. It goes without saying that the Court also denies Red Apple's request for attorneys' fees and expenses associated with its motion to remand. The Clerk is directed to close the motion (Dkt. 13) on the

11

docket. The parties are directed to jointly call chambers on 10/25/22 to schedule further proceedings.

SO ORDERED.

New York, NY
October 24, 2022

_____
JED S. RAKOFF, U.S.D.J.